CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

### F. O. McCOWN et al. v. D. B. HANNAH et al.

JOINDER OF COTENANTS.—In an action for the possession of land the defendant claimed for himself and others, his cotenants; alleging that he was owner of an undivided fifth of the parcel, and claiming to be entitled to the possession of one fifth in his own right, and to the four fifths as cotenant with his said tenants in common: Held, that the answer was defective in not giving the names of the alleged tenants in common.

NEW PARTIES.—The names of the alleged tenants in common of the defendant being set out in an amended answer, leave was granted to amend the complaint and to make them defendants. The motion of one of those cotenants, that the action be dismissed as to her, without prejudice, was overruled.

CONTINUANCE.—An issue of fact being joined as to some of the defendants, but as to others the cause not being at issue on a question of fact, the plaintiff submitted a motion to continue for the term because of the absence of witnesses, no motion being yet made to set the case down for trial: Held, that the motion was premature.

*Mitchell & Dolph, Johnson & McCown,* for the plaintiffs.

*Aaron E. Wait, A. C. Gibbs* and *Hill, Thayer & Williams,* for the defendants, D. B. Hannah *et al.*

*Wm. Strong,* for the defendants, Caroline Worth *et al.*

This is an action for an undivided fourth of the tract of land known as the Caruthers tract. The parcel was originally six hundred and forty acres; a portion of it has been sold at administrator's sale as city lots, and the action is for the residue. The plaintiff alleges that he is owner in fee of one undivided fourth of the premises, that W. C. Johnson and James Moore are owners in fee of three fourths, and tenants in common with him of the whole premises, that said Johnson so owns an undivided fourth and said Moore and others an undivided half thereof. That the plaintiff is entitled to the possession thereof, "and that the defendant, D. B. Hannah, wrongfully withholds the same from him, the said plaintiff, to his damage in the sum of $500."

The defendant, D. B. Hannah, answered, alleging that he and certain persons other than those mentioned in the complaint were tenants in common of the said premises and owners thereof in fee. That the said Hannah was owner in fee of one undivided fifth of said premises, and that his said cotenants were owners in fee of the other four fifths of the said premises. And that as such owner and cotenant he was lawfully in possession of the said premises, and that he defended for the whole thereof. The defendant demurred to the answer, as not stating sufficient facts to constitute a defense.

*It was held,* that to enable the defendant to defend for the whole of the premises, including the undivided interests of the cotenants, with or under whom he claims, the defendant should disclose the names of his cotenants or state in his answer why the names are not set out. An amended answer was filed setting out the names of divers persons as cotenants with the defendant, and specifying the share claimed by each in the premises, and also referring to other persons who are not named, and declaring them to be

owners of an undivided interest in said premises in fee, and cotenants with the defendants, and declaring that their names are unknown to the defendant. The defendant moved for leave to amend his complaint, to include as defendants the persons so designated in the defendant's answer.

*Messrs. Wait & Gibbs,* for the defendant, Hannah, in opposition to the motion, cite section 314 of the code, to the effect that "a defendant who is in actual possession may for answer plead that he is in possession only as tenant of another, naming him and his place of residence," and if the landlord do not apply to be made defendant, "he shall be made defendant, if the plaintiff require it."

The court expressed the opinion that this case is within the intent and meaning of that section, that as to the four fifths, the defendant was seeking to establish a right to the possession as cotenant of others, and his possession is virtually the possession of those, as the possession of a tenant in the ordinary sense of that word is the possession of the landlord; that virtually the defendant is claiming the four fifths as tenants of the persons designated, that if he succeds in establishing his defense his success will inure to their benefit, and that there is the same reason for making them parties, in order that they may be bound by the judgment if it proves to be against their claims, that there is in case of an ordinary tenancy, for bringing in the landlord. It was accordingly *held,* that leave to amend should be granted.

Caroline Worth, one of the defendants, thus made a party, being served, moved that the action be dismissed as to her, without prejudice to her rights in a future action or suit.

*Wm. Strong, Esq.,* for the defendant, Caroline Worth, urged in support of the motion: That, aside from the provisions of statute, ejectment afforded a summary mode of obtaining the possession, and that the action affected the possession only. That if the plaintiff claims to proceed under the statute to obtain a right, the statute must be construed strictly. That the plaintiff is not within the statute, because the defendant, Hannah, does not plead "that he is in possession *only* as the tenant of another," but also claims in his own right.

BY THE COURT, UPTON, J. Formerly the action of ejectment afforded a means of obtaining possession, but was not decisive of ultimate rights of the parties. The evident intent of the code is to change the character of the action in this respect, and to so change the action as to enable the parties by one action to obtain the possession and a judgment that shall determine all questions relating to the title, and which shall be a bar to any future proceeding in relation to that matter. This is not a statute confering a right, but one dealing with the remedy for an injury to, or an invasion of, a right. The plaintiff does not come into court with a purpose to create a right by aid of the statute, hence it is not a case where a right is created by statute and where the statute must for that reason be construed strictly. It is a statute that changes the mode of obtaining a remedy, and being a remedial statute, it must be so construed as to carry out the intention of the legislature according to the spirit and meaning of the act, to be ascertained by the ordinary rules of construction.

It is true there is one fifth interest for which the defendant, Hannah, defends in his own right, and as to that interest he does not defend as tenant of another. But since a tenant in common in possession, is rightfully in possession of the whole, and may hold the whole, because he is tenant in common, Hannah has a right to defend for the four fifths as well as for the one fifth, and yet he does not own in his own right the fee in all that he has a right to possess. He owns but one fifth, and but for the tenancy he could possess in his own exclusive right only one fifth. It is only through his relation to his cotenants that he may possess the whole, or defend for more than one fifth. As to the four fifths I think he defends as tenant *only* within the meaning of section 314 of the code, and I think it is unreasonable to suppose that the legislature intended to make such case an exception, leaving it unprovided for, and thus compel a plaintiff to litigate for the whole premises successively, in one action after another, with several tenants in common. The motion to dismiss as to Caroline Worth, without prejudice, was overruled.

On the first day of the present term the plaintiff filed a motion and an affidavit for a continuance. On the sixth day of the term he brought the motion on for argument. The motion was opposed by Hannah and such other defendants as had answered, Caroline Worth and two other defendants were still entitled to time in which to answer, and they did not appear to the motion. *It was held,* that the motion was premature.