Argued April 17, affirmed May 22, 1957

# MACDONALD *v.* UNITED PACIFIC INSURANCE COMPANY

### 311 P. 2d 425

*Henry A. Buehner,* of Portland, argued the cause for appellant. With him on the brief were Latourette & Latourette, of Portland.

*Wayne A. Williamson,* of Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, and James B. O'Hanlon, Portland.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, BRAND, WARNER and KESTER, Justices.

### BRAND, J.

Plaintiff Macdonald brought this action against the defendant insurance company for breach of the provisions of a Personal Comprehensive Liability Policy which was issued to the plaintiff and his wife by the defendant company. The case was put at issue by answer and reply. The court granted defendant's motion for judgment on the pleadings, and plaintiff appeals. Plaintiff set forth three causes of action, all based upon the policy. In the first he alleged that as a result of an altercation he was charged with assault and battery in the Municipal Court. He pleaded not guilty and called upon the defendant to defend him in that proceeding. Upon defendant's failure to do so, plaintiff was required to and did employ legal counsel for his defense in the Municipal Court action. On appeal to the Circuit Court the action was dismissed, for what reason plaintiff does not state. Plaintiff demanded of defendant and seeks judgment for $389 expense incurred in his defense. By his second cause of action plaintiff sets forth the same altercation and alleges that as a result thereof three parties sued him for $140,000 damages for assault and battery. Again plaintiff demanded that the defendant company defend him but defendant denied that the policy afforded any coverage and refused to assume the defense. Thereafter the plaintiff on advice of counsel settled all of

said suits for the amount of $2,750 and they were dismissed with prejudice. Plaintiff seeks that amount from defendant. As his third cause of action he reiterates his previous allegations and alleges that by reason of defendant's refusal to defend him he was called upon to employ counsel for his defense and incurred costs and attorney's fees in the sum of $1,590.50, for which sum he seeks judgment from the defendant.

In each cause of action plaintiff asserts his innocence upon the various charges of assault and battery and alleges that defendant company knew that he had a valid defense "in that he was protecting his property and person." In the second and third causes of action he also alleges that defendant knew that any "injuries sustained if any, were accidental and unintentional." A demurrer was filed to plaintiff's second amended complaint and was overruled. Defendant's answer admits the issuance of the policy, admits that plaintiff became involved in an altercation and was charged with assault and battery in a criminal action and was sued for assault and battery in civil actions, admits that defendant declined the tender of defense on the ground that the policy did not provide coverage for assault and battery.

Schedule 1 of the policy under the heading "Comprehensive Liability Other than Automobile" lists coverage for "A—Bodily Injury Liability". The obligation under Coverage A was stated thus:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law,  * * *."

Under the heading "Defense, Settlement, Supplementary Payments" the policy reads:

"As respects such insurance as is afforded by

the other terms of this schedule under coverages A and B the company shall

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;"

The obligation under "(c)" reads as follows:

"(c) reimburse the insured, in an amount not exceeding $100 in any one case, upon presentation of receipts, for expenses consisting of any premium or fee paid for bail bond guaranteeing appearance of the insured in court."

Under the heading "Exclusions" the policy provides that the schedule does not apply "to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured;".

The plaintiff's claims against the defendant company are of two kinds. By his first and third causes of action plaintiff seeks recovery for legal expenses, costs and attorney's fees incurred by him in defending the criminal and civil actions and rendered necessary by reason of the alleged wrongful failure of the defendant company to assume the defense of those actions. By the second cause of action plaintiff seeks to recover the amount paid by him by way of a settlement of "all said suits". For the purpose of this case only, we shall treat the amount paid in settlement as being a sum which the insured plaintiff became "obligated to pay by reason of the liability imposed upon him by law * * * for damages * * * because of bodily injury". Coverage A. Our questions are these: (1) Was the defendant under a duty to assume the defense of the plaintiff, and (2) was it under a duty

to pay to plaintiff the amount paid by plaintiff in settlement of the suits?

■ The allegation of plaintiff's complaint that he was sued for assault and battery amounts to an allegation that he was charged with committing a criminal act, in other words, that he was guilty of an intentional attempt by force and violence to do an injury to the person of another, coupled with the present ability to carry the intention into effect, and consummated by hostile unpermitted physical contact with the person. *Smallman v. Gladden*, 206 Or 262, 291 P2d 749; *State v. Enloe*, 147 Or 123, 31 P 772. The intent to do harm is of the very essence of an assault. 4 Am Jur 125, Assault and Battery, § 2. The policy clearly excludes from its coverage "injury * * * caused intentionally by * * * the insured." If therefore, the plaintiff was in fact guilty of assault and battery and if, on suit by the injured party he was found liable for damages, the insurance company would not be obligated to pay such damages. See *Weis v. State Farm Mutual Automobile Insurance Co.*, 242 Minn 141, 64 NW2d 366; and annotation 49 ALR 703, et seq.

The question now arises as to whether the defendant company breached its contract in refusing to defend the plaintiff. The duty to defend is not dependent upon the merit or want thereof in the damage suit brought against the insured. If required to defend it must do so whether the suit be valid or groundless, false or fraudulent. But under the clear wording of the policy the duty to defend applies only "As respects such insurance as is afforded by the other terms of this schedule under coverages A * * *." Coverage "A" is limited by the exclusionary clause.

The defendant relies upon many authorities which hold that an insurer's duty to defend an action against

the insured is measured by the allegations in the complaint brought against the insured. The plaintiff makes the following concession:

"* * * There is no question but that the old law was that one simply compared the complaint with the coverage in the policy, and, if the naked allegations of the complaint do not come within the coverage then there would be (a) no duty to defend, and (b) no duty to pay a judgment even if it develops in the course of the trial that the suit involved did in fact come within the coverage. * * *"

Plaintiff contends that the rule as stated was unjust and was violative of the doctrine that insurance contracts should be construed in favor of the insured. We will first consider what the plaintiff describes as the "old law". From a comprehensive note in 50 ALR2d we note:

"It appears to be well settled that, generally speaking, the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint in such action. The following cases support this rule." 50 ALR2d 465, § 4.

In support of the text, cases are cited from 28 jurisdictions. And see 8 Applemen, Insurance Law and Practice, § 4683.

The case of *Soper v. Fidelity & Casualty Co. of New York*, 101 NYS 2d 581 (1951) closely resembles the one at bar. The plaintiff proprietor of the Pines Inn brought this suit against the defendant, his insurance company, to recover expenses necessarily incurred by him in the successful defense of an assault action brought against him by a third party. Plaintiff claimed

that under the terms of the policy defendant company was obligated to defend the action for assault which the defendant had wrongfully refused to do. The policy gave to the insured coverage for accidents arising out of the operation of the premises. It provided that injuries caused by an assault are to be deemed accidents *provided such assault was not committed by the insured.* The complaint in the assault action had alleged that the assault was committed by the insured. The court said:

> "The test of coverage is determined by the complaint in the assault action. If that complaint alleged a cause of action by reason of an accident insured against, then the defendant was required to defend the same, even if the action was groundless. On the other hand, if such complaint alleged a cause of action by reason of matters not covered by the insuring agreements of the policy, then the defendant was not bound to defend the same, whether it was a bona fide suit or a groundless one."

In conclusion the court said:

> "Here, the cause of action stated in the complaint in the assault action was not within the coverage of the policy and hence there was no duty or obligation on defendant herein to defend that action."

In *Boyle v. National Casualty Co.*, DC Municipal Court of Appeals, 84 A2d 614 (1951), the plaintiff brought suit against the defendant company to recover for expenses incurred by him in defending a case brought against plaintiff by one Pine. The policy issued by the defendant company to the plaintiff undertook to pay all sums, within specified limits, which the insured should become obligated to pay because

of bodily injury sustained by any person "caused by accident * * * and arising out of the ownership, maintenance or use" of plaintiff's restaurant. The policy stipulated that "Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured." It also provided that "as respects insurance afforded by this policy" the defendant should defend "any suit against the insured alleging such loss and seeking damages on account thereof, even if such suit is groundless" for assault and battery. Pine sued the plaintiff for assault and battery. The defendant refused to defend the suit, asserting that the liability arising out of the incident was not within the coverage of the policy. Plaintiff then defended the suit at his own expense, won it and sued the defendant for breach of the policy. Judgment went for the defendant and was affirmed on appeal. The appellate court said:

> "The obligation of the insurance company to defend an action against insured, as distinguished from its obligation to pay a judgment in that action, by the overwhelming weight of authority is to be determined by the allegations of the complaint. This obligation is not affected by facts ascertained before suit or developed in the process of litigation or by the ultimate outcome of the suit. If the allegations of the complaint state a cause of action within the coverage of the policy the insurance company must defend. On the other hand, if the complaint alleges a liability not within the coverage of the policy, the insurance company is not required to defend. In case of doubt such doubt ought to be resolved in the insured's favor."

The court then commented on the plaintiff's contention that the obligation to defend is separate and independent from the obligation to pay and that it was

defendant's duty to defend even though the suit was groundless. Upon this point the court said:

> "* * * This argument overlooks the fact that the agreement to defend was limited by the words 'as respects insurance afforded by this policy.' "

The court recognized that the duty to defend may be broader than the duty to pay, and cited *Lee v. Aetna Casualty & Surety Co.*, USCA2d, 178 F2d 750, opinion by Chief Judge Learned Hand, but the court said:

> "* * * Nevertheless there are few, if any, cases holding that an insurer is bound to defend a complaint stating a claim clearly beyond the coverage of the policy. And we know of no case holding that under policy provisions like those here involved the insurer must defend all groundless suits irrespective of the coverage provisions of the policy."

We again quote from the exhaustive annotation in 50 ALR2d:

> "In accordance with the general principle stated above, the generally recognized doctrine is that the insurer is under a duty to defend a suit against the insured where the petition or complaint in such suit alleges a state of facts within the coverage of the policy." 50 ALR2d 469, § 7. Citing many cases.

The editor continues:

> "It is but the corollary of the rule stated above that a liability insurance company has no duty to defend a suit brought by a third party against the insured where the petition or complaint in such suit upon its face alleges a state of facts which fails to bring the case within the coverage of the policy. Consequently the company is not required to defend if it would not be bound to indemnify the insured even though the claim against him should prevail in that action. The following cases support this rule." 50 ALR2d 472, § 9. Citing cases from 22 jurisdictions.

See also *Wilson v. Maryland Casualty Co.*, 173 Pa Super 486, 98 A2d 952, 105 A2d 304 (1954), citing many cases; *Thomas v. American Universal Ins. Co.*, 80 RI 129, 93 A2d 309 (1952) ; *Farmers Cooperative Society No. 1 of Quanah v. Maryland Casualty Co.*, Tex Civ App, 135 SW2d 1037; *Fullmer v. The Farm Bureau Mutual Automobile Insurance Company*, 350 Pa 451, 39 A2d 623; *Socony-Vacuum Oil Co. v. Continental Casualty Co.*, 144 Ohio St 382, 59 NE2d 199.

We will now consider *Youghiogheny & Ohio Coal Co. v. Employers' Liability Assur. Corp.*, Minn 1953, 114 F Supp 472, one of the cases on which plaintiff chiefly relies. This was an action to secure reimbursement for an amount paid by plaintiff in settlement of a personal injury action together with attorney's fees and costs imposed on plaintiff by virtue of its defense of the action, the defendant insurer having refused to assume the defense on the ground of no coverage. The controversy arose on a liability policy covering certain hazards in the operation of plaintiff's business which involved dealing in coal, fuel, oil and wood at its premises. During the policy period plaintiff accepted a freight car at its premises, which was loaded with coal by plaintiff at its docks. It was then delivered to the Great Northern Railway which moved it to Minnesota and spotted it on a siding. One Burnett then tried to open one of the sliding doors, which left its moorings and crashed on him, injuring him severely. He sued plaintiff and others, alleging that plaintiff carelessly and negligently accepted the freight car without making a thorough inspection as to its condition, that it knew or should have known in the exercise of reasonable care that the car was in bad order and unfit for transportation of coal. In the action against the insurance company to recover the amount paid in settle-

ment of Burnett's claim and for attorney's fees incurred by plaintiff in defending, the issue was whether the claim of Burnett was within the coverage of the policy. The court said, "The question of coverage is to be determined from the allegations in the complaint against the insured." The defendant admitted that there would be coverage but for two exclusionary provisions. We will mention one of them. The policy was not to apply to the loading or unloading of vehicles away from the premises. Defendant claimed that since Burnett was injured away from the premises the exclusionary clause applied and the case was not within the coverage of the policy. Defendant's contentions were rejected. The court held that the policy covered accidents arising out of hazards as defined and that the hazard occurred on plaintiff's property though the injury occurred at a different place. The court said:

> "Even though a complaint against the insured asserts a cause of action upon various grounds which are not within the coverage of the policy, the duty to defend arises from any allegations setting forth the cause of action which might be within the coverage. * * *"

The court then applied the majority rule and found that some of the allegations in Burnett's complaint charged negligence which occurred on plaintiff's premises and which constituted hazards covered by the policy. The court further held that when an insurance company has refused to defend and the insured settles with the injured party, such settlement is presumptive evidence that there was liability for the amount of the settlement. This case is clearly distinguishable from the case at bar. In the pending case the only claim made by the injured party was for assault and battery committed by

the plaintiff, and such claim fell within the unambiguous provision that the policy did not cover "injury * * * caused intentionally by * * * the insured." If in the pending case the injured parties had sued the plaintiff by a complaint asserting both negligent injury and assault and battery, a different problem would have been presented and it might have been the duty of the insurer to defend at least until it was established that the injury was intentional. The decision in the Youghiogheny case was based on the finding that a part at least of Burnett's complaint did allege facts which fell within the coverage of the policy. The coal company was therefore entitled to recover both the amount paid by it in settlement and the expense incurred in defending Burnett's suit.

Plaintiff also strongly relies upon *Lee v. Aetna Casualty & Surety Co.*, 178 F2d 750. This is the case to which the court referred in *Boyle v. National Casualty Co.*, supra. The Lee case presents an apt illustration of the fact that there may be cases in which there is a duty to defend imposed upon the insurer although there may be no duty to pay. But nothing said in that case can aid the plaintiff here. The plaintiff Lee was injured on the premises of the insured. He brought suit against the insured and recovered judgment. He then sued the Aetna Company to recover under the terms of a policy issued by it to the insured. By his first cause of action he sought to recover $5,000 under the policy. By his second cause of action he sought as assignee of the insured to recover for the expenses incurred by the insured in the defense of the action which Lee had brought against the insured. (See *Lee v. Aetna Casualty & Surety Co.*, 81 FSupp 1008, the same case in the District Court). The validity of the first count depended upon whether the insured

had become obligated to pay Lee by reason of liability imposed upon him because of the hazards defined in the provisions of the policy. The policy under the definition of Hazards provided coverage for bodily injury sustained by any person by accident arising out of the use, etc., of the premises or the conduct of the business thereon. Injury from the use of the elevators was excluded from the coverage. The complaint against the insured stated a case which might be within the coverage for it was alleged that plaintiff was caused to fall through the negligence of the insured and because the premises were dangerous. However, the injury would not be within the coverage if it resulted from the "use" of the elevator. The District Court found that the injury did result from the use of the elevator and the Court of Appeals affirmed. The necessary result was that plaintiff could not require the insurer to pay on the first cause of action. On the second cause of action, however, the plaintiff as assignee prevailed. In substance it was held that since under the various allegations of negligence in the complaint filed by Lee against the insured the injury might be within the coverage, it was the duty of the insurer to defend at least until it appeared that the claim was not within the coverage of the policy. The court did not, however, digress from the majority rule as stated in *Boyle v. National Casualty Co.* From the Lee case we quote:

> "The validity of the second count depends upon the meaning of the defendant's promise to 'defend * * * any suit against the Insured alleging injury, sickness, disease or destruction covered by this Policy * * * even if such suit is groundless, false or fraudulent.' This language means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury 'covered' by the policy; it is the claim which deter-

mines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact 'covered.'"

Plaintiff also relies upon *Journal Publishing Co. v. General Casualty Co.*, 210 F2d 202. In that case one Perton sued the Journal for damages for personal injury resulting from an automobile injury alleged to have been caused by an employee of the Journal. The Journal was the insured under two policies issued by The General Casualty Co., herein called General. A blanket policy obligated General to pay all sums which Journal should be obligated to pay by reason of liability imposed by law for damages because of bodily injury sustained or alleged to have been sustained by any person and to defend any such suit. The blanket policy, however, provided that it should not apply to injuries sustained by any person while engaged in the employment of Journal. The other policy, called the Employer's Policy, insured Journal against liability imposed by law in excess of the sum of $5,000 for injuries sustained by any of Journal's employees. When Perton's action for damages was filed against Journal, that company, as the insured, tendered the defense to General. The insurer ultimately refused to assume the defense. Journal undertook its own defense and made a compromise settlement with Perton, paying $2,000. The controversy between insured and insurer was whether Perton was engaged in the employment of Journal when injured. If he was so employed there would be no liability under the blanket policy. General, in refusing to defend, asserted that Perton was so employed and Journal insisted that he was not. After settling the case with Perton, Journal sued General for the

amount paid in the settlement and for expenses in defending the action. Judgment below went for General. Journal appealed and the judgment was reversed by the Court of Appeals. The decision is not, however, persuasive in favor of the plaintiff in the pending case. The court quoted from *Leonard v. Maryland Casualty Co.*, 158 Kan 263, 146 P2d 378, as follows:

> "* * * 'From these decisions, constituting the great weight of authority, the duty of an insurer under an automobile liability policy to defend an action for damages against its insured is not measured by the proof which may be adduced at the trial nor by the outcome of the litigation but by the allegations of the petition or complaint in the action and by the terms and provisions of the insurance contract.' "

That decision was not criticised. In fact the court in the Journal case said:

> "* * * We think it is quite apparent that the circumstances and conditions which may give rise to obligations under these separate paragraphs may be entirely different. Thus it might well be held that when the insurer is presented with a complaint which on its face states a case not covered by the policy, it could justifiably decline to assume the defense at that stage. * * *"

The point made in the Journal case was one with which we are not concerned. The court held that under the phraseology of the blanket policy "the obligation to defend is to be determined by what is alleged, while the obligation to pay for liability for bodily injury may be for such injury if actually sustained." It said:

> "* * * In other words, if the injury was in fact sustained and is otherwise within the terms of the policy, the obligation is to pay independently of what may be alleged."

This case is of doubtful authority insofar as questions of pleading are concerned in the courts of this state because it followed the federal rules. The court said:

> "* * * One of the outstanding facts of modern litigation is the diminishing importance of initial pleadings in the light of the ease of amendment and the use of pretrial proceedings to lay the pleadings on the shelf. * * *"

The courts of this state have not yet laid the pleadings on the shelf.

■ It may be that cases will arise under our procedure in which there was no duty to defend but in which the ultimate proof shows a duty to pay, but this is not such a case. In this case the only charge stated in the complaint which was filed against Macdonald was that of assault and battery. There was no issue presented in the pleadings in that litigation which could have brought the case within the coverage of the policy. The action against Macdonald was for damages for "injury * * * caused intentionally * * * by the insured." Such an action was outside the general coverage of the policy whether it was a valid claim or was false and fraudulent. Defendant had no duty to defend. The settlement made with the plaintiffs in the assault action was also for an injury not covered by the policy. The defendant United Pacific Insurance Company is not liable either for failing to defend or for refusing to pay the amount paid by plaintiff in settlement. Plaintiff argues at great length that the insured should have the opportunity to present his case in court when he alleges that the third party suits are false and fraudulent. We agree that if a suit is brought against the insured alleging acts which are within the coverage of the policy the insurer must defend, whether the suits are or are not false and fraudu-

lent. But this is not such a case.

Other cases tending to support our conclusions are: *Anton v. The Fidelity & Casualty Co. of New York*, 117 Vt 300, 91 A2d 697 (1952); *Brodek v. Indemnity Insurance Co.*, 292 Ill App 363, 11 NE2d 228; *Sontag v. Galer*, 279 Mass 309, 181 NE 182.

If there were any doubt as to the construction to be given to the policy we would be influenced in favor of that which we have adopted by the decisions holding that it is contrary to public policy to insure against liability arising directly against the insured from his own wilful and illegal act. *Haser v. Maryland Casualty Company*, 78 ND 893, 53 NW2d 508; *New Amsterdam Casualty Co. v. Jones*, 135 F2d 191.

The judgment of the lower court is affirmed.