Argued November 8, affirmed December 19, 1962

# ISENHART *v.* GENERAL CASUALTY COMPANY

377 P. 2d 26

*Joseph W. Glaze,* Portland, argued the cause for appellant. With him on the brief were Keller & Keller, Portland.

*A. Allen Franzke,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

O'CONNELL, J.

This is an action to recover damages for the alleged breach of a contract of insurance. Plaintiff is the insured under a policy of insurance issued by defendant. The alleged breach consisted of defendant's refusal to defend a prior action brought by a third person against plaintiff for assault and battery. Plaintiff seeks to recover the amount expended by him in defending the prior action. Defendant demurred to the complaint on grounds which will be explained later. The demurrer was sustained and, plaintiff electing not to plead over, the trial court dismissed the case. Plaintiff appeals.

Plaintiff alleges that the policy is a "blanket liability policy" which insured plaintiff "for any liability of the plaintiff on account of bodily injury in the amount of $50,000." The complaint further alleges that "[b]y said policies the defendant agreed to defend in the plaintiff's name and on his behalf any suit against the plaintiff alleging injury and seeking damages on account thereof, even if such suit were groundless, false or fraudulent." The policy was not made a part of the pleadings and does not appear in

the record of this case. It is not known whether or not the policy contains an exclusionary clause excepting assault and battery and other intentional torts.

The facts of record relating to the assault and battery action are as follows: In 1955 plaintiff's wife brought a suit for divorce against him and at the same time she filed an action against him for assault and battery. The defense of the case was tendered to defendant. The tender was refused. Plaintiff then employed counsel to represent him in the action. The case was subsequently dismissed for reasons which do not appear in the record. Plaintiff then brought the present action to recover the amount of attorney's fees and costs incurred in the assault and battery action. Defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer recited that the complaint was deficient in this respect because the contract of insurance, "if it existed, would be contrary to public policy and void."

Defendant's obligation to defend an action brought against plaintiff, its insured, is to be determined from its contract with plaintiff. Since the contract of insurance is not a part of the record, we have only the allegations of plaintiff's complaint from which to ascertain the nature of the agreement with respect to defendant's duty to defend actions brought against plaintiff.

The complaint alleges that defendant agreed to defend any suit brought against plaintiff alleging bodily injury and seeking damages even if such suit were groundless, false or fraudulent. An action for assault and battery would fall within this coverage unless, as defendant asserts, coverage is precluded

upon the ground that it would be contrary to public policy.

■ It is generally held that it is contrary to public policy to indemnify the insured for losses arising out of his commission of an intentional act which causes damage to another.[①] There is no direct authority in Oregon on this point. However, *MacDonald v. United Pacific Ins. Co.,* 210 Or 395, 411, 311 P2d 425 (1957) contains a dictum supporting the general rule. There the court indicated that it favored "the decisions holding that it is contrary to public policy to insure against liability arising directly against the insured from his own wilful and illegal act. *Haser v. Maryland Casualty Company,* 78 ND 893, 53 NW2d 508; *New Amsterdam Casualty Co. v. Jones,* 135 F2d 191."[②]

A contract to indemnify the insured for damages he is forced to pay as a result of an intentionally inflicted injury upon another should not be regarded as contrary to public policy unless the fact of insur-

[①] New Amsterdam Casualty Co. v. Jones, 135 F2d 191, 194 (6th Cir 1943); Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala 226, 230-31, 146 So 387, 390 (1933); Malanga v. Manufacturers Cas. Ins. Co., 28 NJ 220, 225, 146 A2d 105, 108 (1958) (dictum). See California Insurance Code § 533; North Dakota Century Code § 26-0604 (1960); Annotation 23 ALR2d 1105, 1106 (1952); 7 Appleman, Insurance Law and Practice § 4252 at p. 5 (1962).

[②] The statement is somewhat broader than the principle applied in the cases cited by the court. In New Amsterdam Casualty Co. v. Jones, one of the cited cases, the court did not hold that it is contrary to public policy *to insure* against liability arising directly against the insured from his own willful act; it held only that it is against public policy to *indemnify the insured.* The party injured by the insured's intentional conduct was permitted to recover. *Accord,* Fidelity-Phenix Fire Ins. Co. v. Murphy, supra note 1 at 230-31, 146 So at 390. Cf., Burt v. Union Central Life Insurance Co., 187 US 362, 364-65 (1902). It is not necessary for us to decide whether we would reach the same result. Haser v. Maryland Casualty Co., also cited as support in *MacDonald,* involved a statute which relieved insurer from all liability caused by the willful act of the insured.

ance coverage can be related in some substantial way to the commission of wrongful acts of that character. Plaintiff contends that a person's decision as to whether he will intentionally inflict an injury upon another will not ordinarily turn upon the existence or non-existence of insurance covering the insured's loss resulting from an action brought against him for such conduct. Generally this is probably true,[3] although depriving insured of coverage for intentionally inflicted injuries might have such a deterring effect in some cases. However, punishment rather than deterrence is the real basis upon which coverage should be excluded. A person should suffer the financial consequences flowing from his intentional conduct and should not be reimbursed for his loss, even though he bargains for it in the form of a contract of insurance. A similar idea is expressed in the cases which exclude coverage on the ground that "a person should not profit from his own wrong."[4]

■ We hold that a clause in a contract of insurance purporting to indemnify the insured for damages recovered against him as a consequence of his intentional conduct in inflicting injury upon another is unenforceable by the insured on the ground that to permit recovery would be against public policy. Therefore, the insurance policy in the present case must, in effect, be regarded as excluding such coverage.

■■ Plaintiff argues that even though it may be against public policy to permit the insured to be indemnified for his own intentional wrongdoing, there

[3] See Taylor v. John Hancock Mutual Life Insurance Co., 11 Ill2d 227, 231, 142 NE2d 5, 7 (1957).

[4] See e.g., New Amsterdam Casualty Co. v. Jones, supra at 193-94; Taylor v. John Hancock Mutual Life Insurance Co., supra note 3, at 231, 142 NE2d at 7.

was no evidence in the present case indicating that plaintiff was a wrongdoer. Plaintiff asserts that the action for assault and battery was groundless and that this fact could have been determined by defendant. There is some authority for the view that in determining whether it has a duty to defend the insurer must look beyond the allegations of the complaint filed against the insured and if the actual facts are such as to bring the case within the coverage of the policy, the insurer must accept the tender of defense. The contrary view has been adopted in this state. In accordance with the weight of authority, we have held that the obligation of the insurer to defend is to be determined by the allegations of the complaint filed against the insured.[9]

We adhere to this view. The insurer contracts to indemnify the insured within certain limits stated in the policy. If the facts alleged in the complaint against the insured do not fall within the coverage of the policy, the insurer should not have the obligation to defend. If a contrary rule were adopted, requiring the insurer to take note of facts other than those alleged, the insurer frequently would be required to speculate upon whether the facts alleged could be proved. We do not think that this is a reasonable interpretation of the bargain to defend. It is more reasonable to assume that the parties bargained for the insurer's participation in the lawsuit only if the action brought by the third party, if successful, would impose liability upon the insurer to indemnify the insured.

---

[9] Blohm et al v. Glen Falls Insurance Co., 231 Or. 410, 373 P2d 412 (1962); MacDonald v. United Pacific Insurance Co., 210 Or 395, 311 P2d 425 (1957). Cases are collected in Annotation 50 ALR2d 458 (1956).

The rule we have adopted is not without its short-comings,[⊚] but we are of the opinion that it is supported by the sounder reasoning.

The judgment is affirmed.

---

[⊚] See, for example, 30 NYU L Rev 1019 (1955).