Argued October 4, 1966, reversed February 1, 1967

# WILLIAMS *v.* FARMERS MUTUAL OF ENUMCLAW

423 P. 2d 518

*Alfred T. McGill,* Portland, argued the cause for appellant. On the brief were McGill and Clarke, Portland.

*Bernard Jolles,* Portland, argued the cause for respondent. With him on the brief were Franklin, Olsen, Bennett, DesBrisay & Jolles, Portland, and Brown & Kettleberg, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Deneoke and Holman, Justices.

O'CONNELL, J.
This is an action brought against defendant insur-

ance company to recover on a prior judgment against defendant's insured.[1] Defendant appeals from a judgment in favor of plaintiff.

Olivia Clancy, whom we shall treat as the named insured, permitted Dick Miller to use the insured's automobile. Thus, Miller was covered under the omnibus clause of the policy issued by defendant. Miller got into an altercation with plaintiff and intentionally drove the automobile into him. Plaintiff swore out an information charging Miller with assault with a dangerous weapon. Miller pleaded guilty and was sentenced to three years in the Oregon State Correctional Institution. Plaintiff then brought a civil action against Miller to recover damages for personal injury. The complaint was based upon the theory that the injury resulted from the negligent conduct of Miller. Plaintiff admits, however, that the civil action was based upon the same transaction as that for which Miller was convicted of criminal assault.

After the complaint was filed, Farmers Mutual Insurance Company, the defendant in the present case, advised Miller that it could not defend the action because of the conflict of interest between Miller and the company resulting from the fact that the policy did not cover injuries resulting from intentional acts. Accordingly, Miller was advised to seek counsel elsewhere. Miller failed to secure his own counsel and no appearance was made by him in the civil action. A default judgment was taken against him.

Plaintiff then instituted the present action against defendant, Farmers Mutual Insurance Company. Defendant pleaded affirmatively that the injury arose

---

[1] Defendant contends that its policy did not cover the automobile involved in this case. However, it is not necessary for us to reach this question.

out of the intentional act of Miller, that therefore the policy did not cover the injury, and that the judgment was not binding upon it.

The trial court held that Farmers had the duty to defend Miller in the civil action and that the principle of collateral estoppel barred Farmers from raising the question of the intentional character of Miller's conduct in spite of plaintiff's admission that the conduct was intentional.

The trial judge's conclusion that Farmers had the duty to defend was based upon his interpretation of *Isenhart v. General Casualty Co.*, 233 Or 49, 377 P2d 26 (1962), which he regarded as holding that "the duty of the insurer is to be measured by what the complaint states."

In the *Isenhart* case the insurer refused to defend an action for assault and battery brought against its insured. In an action against the insurer, the insured contended that although the complaint alleged an intentional tort, the evidence did not support the allegation. The court held that the insurer is not obligated to defend when the complaint reveals that the action is for an injury not covered by insurer's policy. The case does not stand for the proposition that the insurer has the duty to defend in every case in which the complaint alleges facts sufficient to bring the transaction within the coverage of the policy.

■■ There may be circumstances in which the obligation to defend should not be imposed upon the insurer in spite of the fact that the complaint alleges facts which, if true, would give rise to coverage. The instant case presents such circumstances. After Farmers was requested to defend the action for negligent injury against Miller, it learned that Miller had been con-

victed of assault for the same conduct. If Farmers took over the defense under these circumstances, it would be faced with a serious conflict of interests. Its interest would be served and the insured's interest jeopardized by proving that the injury resulted from an intentional act.[2] The bargain to defend should not be construed as obligating the insurer to participate in the lawsuit where there is such a conflict of interests.

Plaintiff contends that defendant is bound by the judgment against Miller under the doctrine of collateral estoppel. The doctrine of collateral estoppel is defined in Restatement, Judgments, § 68 (1942), as follows:

"(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action, except as stated in §§ 69, 71 and 72.

"(2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action."

---

[2] Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 177 F2d 793, 801 (4th Cir 1949) explains the limitation on the duty to defend as follows:

"* * * It is obvious that the Insurance Company was not qualified to undertake the defense of the insured in the suits by the injured parties against him, and that this disqualification was due to the insured's own conduct. It was not possible for the company in these suits to defend the insured, and at the same time to protect its own interests. It could not exculpate itself by showing that the injurious acts of the insured were beyond the scope of the policy, for this showing would establish the liability of the insured to the injured parties to an even greater extent than that claimed in the complaints. See Pfarr v. Standard Oil Co., 165 Iowa 657, 671-672, 146 N.W. 851, L.R.A. 1915c, 336."

■ Although Farmers is not a party, it is in privity with Miller as indemnitor under the insurance contract and may, under proper circumstances, be bound by a prior judgment.[3] But the circumstances in the present case are not such as to make the judgment against the indemnitee binding upon the indemnitor. The applicable rule is stated in Restatement, Judgments § 107, which is set out in the margin.[4] As explained in comment (g):

> "The rule stated in Clause (a) binds both the indemnitor and the indemnitee only upon issues relevant to the proceeding. The judgment against the indemnitee does not decide issues as to the existence and extent of the duty to indemnify. Thus, in a subsequent action the indemnitor may show that the circumstances under which he is required to give indemnity do not exist. For example, in an action by a surety against a person claimed to be a principal obligor, the latter may show that he never assumed the obligation. * * *"[5]

The reason that the doctrine of collateral estoppel is not applicable in these circumstances is more fully

---

[3] "A person who is not a party but who is in privity with the parties in an action terminating in a valid judgment is, to the extent stated in §§ 84-92, bound by and entitled to the benefits of the rules of res judicata." Restatement, Judgments, § 83 (1942).

[4] "In an action for indemnity between two persons who stand in such relation to each other that one of them has a duty of indemnifying the other upon a claim by a third person, if the third person has obtained a valid judgment on this claim in a separate action against

"(a) the indemnitee, both are bound as to the existence and extent of the liability of the indemitee, if the indemnitee gave to the indemnitor reasonable notice of the action and requested him to defend it or participate in the defense;

"(b) the indemnitor, neither is affected by the judgment, except to the extent that the judgment affects the indemnitee's liability to the creditor."

[5] See also Restatement, Judgments, § 68, comment f.

explained in *Farm Bureau Mut. Automobile Ins. Co. v. Hammer,* 177 F2d 793, 799-800 (4th Cir 1949):

"* * * The underlying purpose of the doctrine is to obviate the delay and expense of two trials upon the same issue—one by the injured party against the indemnitee and the other by the indemnitee, or the injured party against the indemnitor. This is possible because it is assumed that the interests of the parties to the contract of indemnity in opposing the injured person's claim are identical; and it is accomplished by giving the indemnitor an opportunity to appear in the first suit on behalf of the indemnitee so that everything that can be offered in exculpation of the indemnitee by either party to the indemnity contract may be presented. The indemnitor may not be under a contractual obligation to defend, but if he fails to assume the burden of the defense he takes the risk for he is bound by any judgment against the indemnitee where their interests in the defense of the suit are identical.

"It is, however, obvious that the binding effect of a judgment against the insured does not extend to matters outside the scope of the insurance contract, and that the Insurance Company is neither obligated to defend nor bound by the findings of the court if the claim against the insured is not covered by the policy. To hold otherwise would be to estop the Insurance Company by the acts of parties in a transaction in which it has no concern and over which it has no control, and to deprive it of its day in court to show that the transaction is foreign to the contract of insurance. * * *"

■ It is argued that the allegation of negligence in the complaint should measure the scope of the judgment. That may be the proper rule to impose upon a plaintiff who takes an inconsistent position in a subsequent action such as was the case in *Jarvis v. Indemnity Ins. Co.,* 227 Or 508, 363 P2d 740 (1961). But

the rule should not be imposed upon a party who has no opportunity to shape the pleadings and to litigate the issues relevant to his interest.

■ Defendant has never had an opportunity to litigate the question of coverage. The doctrine of collateral estoppel was not designed to prevent a subsequent action under these circumstances.

While the cases in other jurisdictions are in conflict on the question raised on this appeal,[6] we adopt the reasoning developed in *Farm Bureau Mutual Automobile Ins. Co. v. Hammer, supra.*[7]

The judgment is reversed with directions to enter judgment for defendant.

SLOAN, J., dissenting.

The trial court was right. This case cannot be distinguished from the majority opinion in *Jarvis et ux v. Indemnity Ins. Co.,* 1961, 227 Or 508, 363 P2d 740, or *Blohm et al v. Glens Falls Ins. Co.,* 1962, 231 Or 410, 373 P2d 412, or *Isenhart v. General Casualty Co.,* 1962, 233 Or 49, 377 P2d 26. It should be affirmed.

---

[6] See cases collected in Annotation: Consequence of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy, 49 ALR2d 694, and Annotation: Allegations in third person's action against insured as determining liability insurer's duty to defend, 50 ALR2d 458.

[7] See also, Weis v. State Farm Mutual Automobile Insurance Co., 242 Minn 141, 64 NW2d 366, 49 ALR2d 688 (1954); Comment, 38 Geo L J 318 (1950); Comment, 63 Harv L Rev 898 (1950); Comment, 35 Va L Rev 1095 (1949). But cf., Comment 3 Vand L Rev 798 (1950).