Argued March 7, affirmed April 12, 1967

McKEE ET AL, *Appellants, v.* ALLSTATE
INSURANCE COMPANY, *Respondent.*

426 P. 2d 456

*Richard H. Muller,* Portland, argued the cause and
filed a brief for appellants.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were McColloch, Dezendorf & Spears, and Wayne Hilliard, Portland.

Before PERRY, Chief Justice, and O'CONNELL, GOODWIN and FORT, Justices.

## GOODWIN, J.

Plaintiff night-club owners brought action against their liability-insurance carrier to recover $508.00 expended in defending an action by a night-club patron who alleged that the owners and a third person had assaulted and beaten him. The insurance carrier's demurrer was sustained, and plaintiffs appeal the resulting judgment.

The club patron's complaint, which the insurance carrier, after tender, had refused to defend, had alleged that the club owners and one "John Doe" had assaulted and beaten the patron. There was no trial, as the assault and battery case was eventually dismissed for want of prosecution. The original complaint was never amended. Accordingly, the only question raised by demurrer is whether the facts pleaded by the patron's complaint had fallen within the contractual perimeter of the insurer's duty to defend, or to reimburse the owner for defending, the action.

The patron's complaint had alleged that "the defendants and each of them" had assaulted and beaten him. This allegation described no facts against which the insurer had engaged to provide liability coverage. The policy expressly excluded coverage for a willful assault by either of the named night-club owners. Under the policy there could be no coverage for an assault by a third person unless other facts were

alleged which would establish a reason for the club owners to be responsible for that person's torts. No *respondeat superior* reason for liability was alleged. Accordingly, nothing in the pleadings in the assault-and-battery case described facts that would create a contractual duty upon the part of the carrier to defend the action.

In *Macdonald v. United Pacific Ins. Co.*, 210 Or 395, 311 P2d 425 (1957), this court held that an insurer's duty to defend a tendered action was to be tested by the allegations in the third-party complaint. If such complaint stated an action for an injury not covered by the insured's policy, there would be no obligation to defend. *Isenhart v. General Casualty Co.*, 233 Or 49, 377 P2d 26 (1962). In *Blohm et al v. Glens Falls Ins. Co.*, 231 Or 410, 373 P2d 412 (1962), it was held that an insured could not rely on extrinsic facts not pleaded which might bring the incident within the terms of the policy.

Plaintiffs argue that the rules established by the *Macdonald, Isenhart,* and *Blohm* cases should be modified in light of *Williams v. Farmers Mut. of Enumclaw,* 245 Or 557, 423 P2d 518 (1967). The *Williams* case held that an insurance company could rely on extrinsic facts in refusing to defend, even though the third-party complaint may have alleged facts which, if true, might make the carrier liable to pay the judgment. Plaintiff argues the converse of the proposition: that an insured should also be entitled to plead facts not pleaded in the original complaint and prove, if he can, a version of the facts that would fall within the coverage of the policy.

According to the club-owners' argument, there would have been a possibility of liability in the patron's case if the patron had alleged that "John Doe" was the

employee of the owners. If such an allegation had been pleaded, together with other facts that might give rise to liability on the part of the club owners under the doctrine of *respondeat superior*, the insurer would have been required to defend.

The insurance company had made its own investigation and had learned that "John Doe" was an employee of the insureds, even though that fact was not pleaded in the third-party complaint. This knowledge, however, did not change the terms of the insurance policy. Under the policy, the company had engaged to defend only actions that alleged an insured risk. The club patron's action did not allege facts falling within the risks assumed. We express no opinion upon the duties of an insurer when an amended pleading is called to its attention, as no amendment was tendered in this case.

■ An exception to the general rule that an insurer's duty to defend is tested by the allegations in the complaint was made in the *Williams* case because, under the particular circumstances of that case, if the insurance company had taken over the defense there would have been a serious conflict of interests between the company and the insured. It was also observed that, in refusing to defend because of facts learned outside the third party's pleading, an insurer may be acting at its peril in the event its understanding of the facts later proves to have been inaccurate. The case holds only that the duty to defend does not impose a duty to engage in conduct that would lead to a conflict of interests.

■■ We adhere to our previous holdings that, if the complaint tendered to an insurance company does not allege the happening of an event ,covered by the

policy, there is no duty to defend. On the other hand, if the complaint does allege such an event, the company has a contractual duty to defend, in the absence of facts such as appeared in *Williams v. Farmers Mut. of Enumclaw,* supra.

Affirmed.