Argued December 2, 1970, affirmed February 10, 1971

B & L FURNITURE COMPANY, *Appellant, v.*
TRANSAMERICA INSURANCE
COMPANY, *Respondent.*

480 P2d 711

*Harvey W. Keller,* Portland, argued the cause and filed the briefs for appellant.

*James H. Gidley,* Portland, argued the cause for respondent. With him on the brief were Maguire, Kester & Cosgrave, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN and HOWELL, Justices.

HOWELL, J.

The only issue presented in this case is whether an act of conversion by an insured constitutes "property damage * * * caused by an occurrence" under plaintiff's liability policy with the defendant insurance company.

The facts have been stipulated. The plaintiff sold various items of furniture to a purchaser under a conditional sales contract. The plaintiff repossessed the furniture. The purchaser brought an action for conversion against plaintiff seeking $500 general damages and $5,000 punitive damages. The defendant refused to defend the conversion action, and the trial resulted in a judgment against plaintiff for $164. Plaintiff then filed this action seeking recovery for the amount of the judgment plus legal fees and expenses incurred in the unsuccessful defense of the conversion action.

The trial court found in favor of the defendant, and plaintiff appeals.

The comprehensive liability policy insured plaintiff for various liabilities including "property damage * * * caused by an occurrence." The policy defined "occurrence" as "an event, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

In *Mustola v. Toddy*, 253 Or 658, 456 P2d 1004 (1969), we adopted the following definitions of a con-

version from Section 222 A of 2 Restatement (Second) Torts 431 (1965):

> "(1) Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."

In *Isenhart v. General Casualty Co.*, 233 Or 49, 377 P2d 26 (1962), the plaintiff sought indemnity for expenses incurred in an action brought against him for assault and battery. This court stated that it is generally contrary to public policy to indemnify the insured for losses arising out of the commission of an intentional act which causes damage to another.

■ It is not necessary for us to decide whether indemnification for the act of conversion in this case is unenforceable as against public policy, because we conclude that the conversion does not constitute "property damage" under the policy.

The parties have not cited any cases to us which hold that a conversion constitutes "property damage." Our research discloses only one case on the subject, and the court held to the contrary. In *Nortex Oil & Gas Corp. v. Harbor Insurance Co.*, Tex Civ App, 456 SW2d 489 (Texas 1970), the plaintiff sought indemnification from the defendant for the amount paid by plaintiff in settlement of a claim for conversion of oil belonging to Humble Oil Company and Texaco Oil Company. The insurance policy issued by the defendant insured plaintiff against property damage "caused by or arising out of each occurrence." The court found that the claims of Texaco and Humble were for wrongful conversion, and that such conversion did not constitute "property damage" under the plaintiff's policy.

The plaintiff attempts to rely on *Ferguson v.*

*Birmingham Fire Ins. Co.,* 254 Or 496, 460 P2d 342 (1969), and *Gray v. Zurich Insurance Co.,* 65 Cal 2d 263, 54 Cal Rptr 104, 419 P2d 168 (1966). Neither case is applicable. In *Ferguson v. Birmingham, supra,* the plaintiff was charged with willful trespass for cutting trees, but the jury found that the trespass was not willful nor intentional. A judgment for double damages for the trespass was entered against the insured plaintiff. The plaintiff's policy with the defendant required the defendant to defend any suit for bodily injury or property damage, but an endorsement in the policy excluded property damage caused intentionally by or at the direction of the insured. This court stated:

"* * * [T]he fact that the complaint charges the insured with conduct falling under the exclusion clause of the policy does not necessarily mean that the insurer will not have a duty to defend. A complaint may charge the insured not only with misconduct excluded under the policy, but also with conduct which is covered by the policy. Thus, if a complaint contains two counts, one based upon willful conduct and one based upon negligent conduct, the insurer would have a duty to defend because of the allegation falling within policy coverage." 254 Or at 506.

It is true that in the instant case, the complaint filed against plaintiff sought recovery for the reasonable value of the furniture converted and also for punitive damages on the ground that the conversion was willful and malicious. However, as the court pointed out in *Ferguson,* the duty to defend is based on allegations which must fall within the policy coverage. If the complaint tendered to the insurance company does not allege an event covered by the policy, there is no duty to defend. *McKee v. Allstate Ins. Co.,* 246 Or 517,

426 P2d 456 (1967). In the instant case, the cause of action for conversion does not fall within the policy because a conversion is not "property damage."

In *Gray v. Zurich, supra,* a judgment for damages from an assault and battery was entered against the plaintiff. The defendant's policy contained an endorsement which required the insurer to defend any suit alleging bodily injury or property damage against the insured. An exclusionary clause, however, provided that the endorsement did not apply to bodily injury or property damage intentionally caused by the insured. Defense of the assault charge was tendered to defendant and refused. The court held that the defendant was obligated to defend the assault charge. The decision stated several reasons for holding that the insurer was obligated to defend the action: that the policy was an adhesion contract which should not defeat "the reasonable expectations of the insured"; the obligation to defend does not necessarily depend on the allegations of the third party action; and a contract to defend an assured upon mere accusation of a willful tort is not void as against public policy.

We believe the decision of the California Supreme Court in *Gray* is contrary to our decisions in *McKee v. Allstate, supra,* and *Isenhart v. General Casualty Co., supra,* wherein we have held that if the third party complaint does not allege the happening of an event covered by the policy, there is no duty to defend. Moreover, the *Gray* case involved an assault and battery in a personal liability policy, whereas the instant case involves conversion of furniture under a policy covering damages to property.

We conclude that the defendant was not obligated to defend the action for conversion. The judgment is affirmed.