Argued January 7, affirmed May 2, petition for
rehearing denied June 18, 1974

# CORVALLIS SAND AND GRAVEL COMPANY, INC., *Appellant, v.* OREGON AUTOMOBILE INSURANCE COMPANY, *Respondent.*

521 P2d 1044

*Robert Mix,* Corvallis, argued the cause and filed briefs for appellant.

*Thomas H. Tongue,* Portland, argued the cause for respondent. With him on the brief were Morrison, Bailey, Dunn, Cohen & Miller, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE,* HOLMAN, HOWELL, and BRYSON, Justices.

BRYSON, J.

Plaintiff, insured, brought this action against its liability insurance carrier to recover $36,224 expended in defending a statutory ejectment action (ORS 105.005 et seq) entitled "State of Oregon, Acting by and through the State Land Board v. Corvallis Sand & Gravel Company, an Oregon corporation." Plaintiff tendered the defense of that action to defendant and the defendant refused to accept, stating, in part, in its letter of June 23, 1965, as follows:

> "In connection with the above-entitled matter, which is an action in ejectment for the recovery of the possession of real property and alleged damages for withholding the same, we regret to advise you that there is no coverage under the above-entitled policy for this matter."

The trial court in its memorandum opinion found:

> "The narrow question is does the policy obligate the Defendant to defend against an action for recovery of possession, rents, and profits.
>
> "The State in its complaint alleges that the Plaintiff 'wrongfully' withheld possession. There is no allegation that the conduct of the Plaintiff was negligent, inadvertent, careless, or otherwise non-intentional.
>
> "The term 'liability for property damage' cannot be construed to include an intentional withhold-

---

* Denecke, J., did not participate in the decision of this case.

ing of possession and consequent damages which arise only from a wrongful taking or withholding. If Plaintiff's right to possession fails, he [it] is liable to the rightful possession [possessor] for the reasonable value of the benefits he [it] derived from the wrongful possession, or denied to the rightful possessor by this withholding.

"The term 'property damage . . . caused by an occurrence' in a Comprehensive Liability Policy does not include conversion. B. and L. Furniture and Transamerica Ins. 257 Or. 548.

"The Complaint filed against the Plaintiff by the State did not allege an 'occurrence or accident' which was covered by the policy, therefore there was no duty by the Defendant to defend."

Judgment was entered for defendant accordingly.

The plaintiff appeals, contending:

"The court erred in granting judgment to the defendant because the comprehensive liability policy issued by the defendant to the plaintiff covered the damages for which the plaintiff had been sued by the State of Oregon. Also, the charges against the plaintiff did not constitute conversion nor were they covered by title insurance."

■ The question posed by the assignment of error is whether the defense of a statutory ejectment action, brought by a third party, the State of Oregon, against plaintiff is afforded plaintiff under the comprehensive liability policy issued by defendant. Oregon follows the rule that "[i]f the complaint, without amendment, may impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and it has a duty to defend. For example, in an action of trespass brought against the insured, if the complaint alleges a willful entry (in order to support a claim for punitive damages), the plaintiff could, without amending the complaint, re-

cover ordinary damages for a nonwillful entry. The insurer, therefore, would have the duty to defend. * * *" *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 507, 460 P2d 342 (1969). *See also,* 50 ALR2d 458.

In *Casey v. N. W. Security Ins. Co.*, 260 Or 485, 489, 491 P2d 208 (1971), we held:

> "The insurer has a duty to defend only if the claim made against the insured is one covered by the insurer. *MacDonald v. United Pacific Ins. Co.*, 210 Or 395, 399, 311 P2d 425 (1957).
>
> "The difficulty arises when there is doubt as to coverage. This doubt sometimes cannot be resolved until a judgment is entered in litigation between the insured and the insurer. This is too late; the lawsuit by the injured party has been filed and probably gone to judgment before this time. The insurer has contracted with its insured to defend him. This benefit to the insured would be curtailed if it could be withheld in the event of a dispute about coverage. For this reason we have adopted the rule that in the absence of any compelling evidence of no coverage, the insurer owes a duty to defend if the injured claimant can recover under the allegations of the complaint upon any basis for which the insurer affords coverage."

The original complaint in *State of Oregon v. Corvallis Sand & Gravel Company* was filed June 7, 1965. The amended complaint filed December 23, 1969, alleged:

> "* * * * * .

### "II

> "The Willamette River is a navigable river located wholly within the State of Oregon and is navigable at the locations hereinafter described.

### "III

> "By virtue of its sovereignty the plaintiff now is and at all times since its admission into the union of the United States has been the owner in fee

simple of and entitled to the immediate possession of that parcel of real property which is designated as Parcel No. 1 on that certain map designated Benton County Survey No. 4825 dated October 16, 1969 and filed on November 4, 1969 with the Benton County Surveyor, which parcel is more particularly described by the legal description set forth in Exhibit 'A' which is annexed hereto and thereby made a part hereof.

## "IV

"Said parcel lies wholly within that portion of the bed of the Willamette River which lies between the lines of ordinary low water.

## "V

"Defendant does now wrongfully withhold the possession of the aforedescribed real property from the plaintiff and for the six years immediately prior to the filing of the original Complaint in this action has wrongfully and continuously withheld the aforesaid described real property from the plaintiff.

## "VI

"The reasonable value of the use of said premises for each year of the six years immediately prior to the filing of the original Complaint in this action is, to-wit: $25,000. The reasonable value for the use of said premises for each year during the pendency of this action is, to-wit: $25,000.

"\* \* \* \* \*"

The State's complaint contained the above allegations in each of eleven causes of action covering eleven different described parcels of real property. The prayer of the complaint asks for possession of each of the eleven parcels of real property and "damages for each of the six years of the wrongful withholding of said property," totaling in excess of $192,000 and interest.

The four and one-half-year delay between the filing of the original complaint and the amended complaint was caused largely by the filing of a suit by Corvallis Sand & Gravel Company to enjoin the State of Oregon from prosecuting the above statutory action of ejectment which was eventually decided by this court in *Corvallis Sand & Gravel v. Land Board*, 250 Or 319, 439 P2d 575 (1968). The ejectment action having been tried on the amended complaint before the Circuit Court of Benton County is now on appeal to the Court of Appeals.

The defendant had issued liability insurance policies to plaintiff on an annual basis, October to October, for many years. The policy in effect at the time liability would attach pursuant to the complaint provided:

## "PART I — LIABILITY

"Insuring Agreements

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"* * * * *.

## "COVERAGE 'B' — PROPERTY DAMAGE LIABILITY

"* * * * *.

"(2) All Other—Arising out of any other operation, activity or use of property, real or personal, except an occurrence incident to a non-business pursuit;

"(3) * * *[T]he Company shall defend any suit alleging such * * * property damage * * * and seeking damages which are payable under the terms of this policy * * *.

"Exclusions

"This policy does not apply under Part 1:

"(a) to bodily injury or property damage

caused intentionally by or at the direction of an insured;

"* * * * *.

"(h) Insuring Agreement B [property damage], * * * (2) to property in the care, custody and control of an insured * * *."

In deciding if there is coverage under the insurance policy it is necessary to determine the nature of the ejectment action (ORS 105.005 et seq) filed by the State of Oregon against Corvallis Sand and Gravel Company. ORS 105.005 provides:

"Any person who has a legal estate in real property and a present right to the possession thereof, may recover possession of the property, with damages for withholding possession, by an action at law. The action shall be commenced against the person in the actual possession of the property at the time, or if the property is not in the actual possession of anyone, then against the person acting as the owner thereof."

ORS 105.025 provides:

"The jury by their verdict shall find as follows:

"(1) If the verdict is for the plaintiff, that he is entitled to the possession of all or a part of the property described in the complaint, or that he owns an undivided share or interest in all or a part of the property; including the nature and duration of his estate in such property.

"(2) If the verdict is for the defendant, that the plaintiff is not entitled to the possession of the property described in the complaint, or the part that the defendant defends, and the estate, license or right to possession in such property established on the trial by the defendant, if any, as the same is required to be pleaded."

ORS 105.055 provides:

"* * * [T]he judgment in an action to recover the possession of real property is conclusive as to

the estate in the property and the right to the possession thereof, so far as the same is thereby determined, upon the party against whom the judgment is given, and against all persons claiming from, through or under such party, after the commencement of the action.

"* * * * *."

The above statutes were originally found in L 1862, Deady § 326. One of the first cases interpreting these statutes, *McCown v. Hannah,* 3 Or 302, 305 (1871), states:

"Formerly the action of ejectment afforded a means of obtaining possession, but was not decisive of ultimate rights of the parties. The evident intent of the code is to change the character of the action in this respect, and to so change the action as to enable the parties by one action to obtain the possession and a judgment that shall determine all questions relating to the title, and which shall be a bar to any future proceeding in relation to that matter. * * *"

In *Barrell v. Title Guarantee Co.,* 27 Or 77, 81, 39 P 992 (1895), it is stated:

"* * * The action thus provided for is termed by the statute [now ORS 105.005] an action to recover the possession of real property, but, unlike the common-law action of ejectment, it is more than a possessory action. It is an action by which the title, estate, and duration thereof, to real property may be determined, as well as the right of possession. There is very little resemblance between the action thus provided for by statute and the common-law action of ejectment, yet in common parlance both are referred to by the latter title * * *."

In *Hoover v. King,* 43 Or 281, 283, 72 P 880 (1903), Mr. Justice BEAN, speaking for the court, stated:

"* * * At common law, ejectment was a mere possessory action between fictitious parties. The

judgment therein did not determine the estate or interest of the parties in the property, nor did it conclusively determine the right to possession. It therefore was not a bar to another or subsequent action to recover possession of the same property: 2 Black, Jud. § 650. But in the majority of the states of the Union the common-law action has been pruned of its fiction and artificiality, and made a simple remedy for the recovery of the possession of real property and the trial of the title thereto. It has generally been prescribed, either expressly or by necessary inference, that the judgment in such an action shall be conclusive between the parties and privies. Such are the provisions of our statute. Any person having a legal estate in real property and the present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action at law  *  *  *."

In *Bessler v. Powder River G. Dredging Co.,* 90 Or 663, 669, 176 P 791 (1919), the court in construing the ejectment statute held:

"* * * Under the modern practice, the action of ejectment is not only employed to recover the possession of lands, but also, almost exclusively, for the trial of title to real property, and as a result, practically all of the adjudicated cases which bear upon the question now under consideration are of that class. * * *"

The evidence in this case and judicial knowledge of our opinion in *Corvallis Sand & Gravel v. Land Board, supra,* establishes that litigation between the Oregon State Land Board and Corvallis Sand and Gravel has been continuing for twenty years to establish title to the parcels of land described in the ejectment action. In *Corvallis Sand & Gravel v. Land Board, supra* at 337, this court stated:

"* * * According to the allegations of the complaint the corporation and its predecessors in in-

terest have been taking gravel from the disputed channel since 1920, that is, for 45 years prior to the filing of the ejectment action. * * *"

■ We conclude that the ejectment action against plaintiff herein is primarily an action to determine title to the property described therein. The state also demands damages for the loss of use of the land involved—actually for the sand and gravel removed—but this follows only on the basis of who is the rightful holder of title to the real property. The plaintiff had knowledge of the state's claim to the property long before the insurance policies herein were issued by the defendant. The trial court found that "[t]he Complaint filed against the Plaintiff by the State did not allege an 'occurrence or accident' which was covered by the policy, therefore there was no duty by the Defendant to defend," and that "[t]he term 'liability for property damage' cannot be construed to include an intentional withholding of possession and consequent damages which arise only from a wrongful taking or withholding." We agree. For these reasons the case is affirmed.

Affirmed.