Argued and submitted July 23, 1993, affirmed March 9, 1994

RON TONKIN CHEVROLET CO., INC.,
*Respondent,*

*v.*

CONTINENTAL INSURANCE CO.,
a New Hampshire corporation,
*Appellant.*

(9109-05679; CA A77246)

870 P2d 252

Ridgway K. Foley, Jr., argued the cause for appellant. With him on the briefs were James D. Huegli and Foley & Duncan, P.C.

Bruce W. DeKock argued the cause for respondent. With him on the brief were Mark L. Cushing and Ball, Janik & Novack.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Ron Tonkin Chevrolet Co., Inc. (Ron Tonkin) brought this breach of contract action against its insurer, Continental Insurance Co. (Continental), for its rejection of Ron Tonkin's tender of defense in an action in federal court. The trial court granted summary judgment for Ron Tonkin. We affirm.

In May, 1985, Ron Tonkin's employee, Heller, requested permission to miss a sales meeting in order to attend a ceremony at which his wife and children were to convert to his religious faith. Permission initially was granted but was then revoked. Ron Tonkin fired Heller when Heller insisted that he must attend the ceremony.

Heller brought an action against Ron Tonkin in federal court, alleging multiple claims arising out of his dismissal, including a Title VII employment discrimination claim. 42 USC §§ 2000e *et seq.* In the Title VII claim, Heller alleged that he was discharged "for insisting that [Ron Tonkin] reasonably accommodate his religious attendance requirements." Ron Tonkin tendered defense of the action to Continental, which originally accepted it with a reservation of rights. Heller's federal action was dismissed; he appealed and the case was remanded for trial. Continental then exercised its reservation of rights and refused to defend further.

Ron Tonkin retained its own defense attorney for the case on remand. Following a trial to the court of Heller's Title VII claim, the federal district court rendered judgment for Ron Tonkin. Heller appealed, and in an opinion that issued after this appeal had been briefed and argued, the Ninth Circuit reversed, holding that Heller had established a violation of Title VII. *Heller v. EBB Auto Co.*, 8 F3d 1433 (1993).[1]

In this action, Ron Tonkin seeks to recoup from Continental its costs for defending against Heller's federal action after the first remand to the district court. The trial court granted Ron Tonkin's motion for summary judgment and denied Continental's, on the ground that Heller's federal

---

[1] At the court's request, both parties submitted supplemental memoranda on the effect, if any, of the Ninth Circuit's decision.

complaint could potentially give rise to covered liability. Continental assigns error to both rulings.

We first address whether the trial court erred by granting Ron Tonkin's motion for summary judgment. Ron Tonkin must show that it is entitled to judgment as a matter of law. *Park v. Hoffard*, 315 Or 624, 627, 847 P2d 852 (1993).

■■ An insurer must defend an action if the facts alleged in the complaint against the insured fall within the coverage of the policy. *Isenhart v. General Casualty Co.*, 233 Or 49, 377 P2d 26 (1962). An insurer also has a duty to defend an action if the complaint may, without amendment, admit proof of conduct that is covered by the policy. *McLeod v. Tecorp International, Ltd.*, 318 Or 208, 865 P2d 1283 (1993).[2]

Under the terms of its policy, Continental agreed to pay Ron Tonkin's liability for "personal injury," defined by the policy to include "discrimination * * * where insurance in connection therewith is not prohibited or held violative of law or public policy * * *." The parties agree that liability for intentional discrimination is not insurable, and is excluded from the coverage of Ron Tonkin's policy with Continental, but that liability for unintentional discrimination is insurable, and is within the coverage of the policy. For the purposes of this opinion, we assume, without deciding, that the parties' agreement is correct.

■■ Heller's complaint could (and did, in the view of the Ninth Circuit) give rise to liability for a form of employment discrimination under Title VII known as "religious accommodation." 42 USC §§ 2000e(j), 2000e-2(a)(1); *Trans World Airlines v. Hardison*, 432 US 63, 97 S Ct 2264, 53 L Ed 2d 113 (1977). A *prima facie* case of religious accommodation includes proof that the plaintiff had a sincerely held religious belief that conflicted with an employment responsibility, and that the employer discharged the plaintiff after the plaintiff informed the employer of the conflict. Once the plaintiff has made that *prima facie* showing, the burden shifts to the

---

[2] In analyzing those issues, we must be mindful that the underlying action was filed in federal court, where the prevailing rules of pleading are less rigorous than those applicable in Oregon state courts. *Compare* FRCP 8(a) *with* ORCP 18A.

employer to prove that it made a good faith effort to accommodate the plaintiff's religious beliefs, short of undue hardship. *See, e.g., Proctor v. Consol. Freightways Corp. of Delaware*, 795 F2d 1472, 1475 (9th Cir 1986).

■ Religious accommodation employment discrimination need not be intentional. If proof that the defendant intentionally discriminated because of the plaintiff's religious beliefs were required, it would be a defense that the defendant was merely applying a neutral employment practice strictly and evenhandedly. Permitting that defense would undermine the apparent purpose of the religious accommodation action, which is to require employers to reasonably accommodate the religious beliefs of employees when those beliefs conflict with neutral employment practices.

■ In accordance with the parties' agreement that only intentional discrimination is uninsurable in Oregon, we conclude that Heller's complaint could admit proof of conduct covered by Ron Tonkin's insurance policy, and that, as a matter of law, Continental was required to defend that action. The trial court did not err in granting Ron Tonkin's motion for summary judgment.

Similarly, for the reasons discussed above, the trial court did not err by denying Continental's motion for summary judgment.

Affirmed.