Argued October 7, reversed in part and remanded
May 20, 1970

# BURNETT ET AL, *Respondents, v.* WESTERN PACIFIC INSURANCE COMPANY, *Appellant and Cross-Respondent,* and McCORMICK, *Respondent and Cross-Appellant.*

469 P2d 602

*Duane Vergeer*, Portland, argued the cause for appellant and cross-respondent. With him on the briefs were Frederic P. Roehr and Vergeer, Samuels, Roehr & Sweek, Portland.

*John J. Haugh*, Portland, argued the cause for respondent and cross-appellant. With him on the brief were Pozzi, Wilson & Atchison, Portland.

*Edwin J. Peterson*, Portland, argued the cause for respondents. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before PERRY,* Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN,** DENECKE and HOLMAN, Justices.

---

* Perry, C.J., did not participate in this decision.
** Goodwin, J., resigned December 19, 1969.

HOLMAN, J.

Hartford and Burnett's Estate brought a declaratory judgment proceeding, naming as defendants Western Pacific and Anderson's Estate. The principal issues sought to be determined were the obligations of Western Pacific under a policy of liability insurance.

This somewhat complicated litigation had its genesis in an automobile accident. Burnett was driving an automobile in which Anderson was riding. A single vehicle accident occurred in which both men were killed. Burnett was an employee of Northwest Bowling Supply, Inc., and Northwest Trophy, Inc., two Washington corporations. Anderson was a salaried officer and the principal owner of the stock of both corporations.

Hartford had liability coverage on Burnett in the sum of $10,000. Western Pacific had $100,000 liability coverage on both corporations and Anderson as named insureds with the vehicle in question being a described vehicle in the policy. Western Pacific's policy provided omnibus coverage for anyone driving a covered vehicle with the consent of a named insured, but such omnibus coverage was limited by a so-called cross-employee exception.

Anderson's Estate filed an action against Burnett's Estate for damages for wrongful death, alleging that both men were engaged in the business of Northwest Trophy, Inc., at the time of the accident and that the simple negligence of Burnett was the cause of Anderson's death.

The defense of the action was tendered to Hartford and to Western Pacific by Burnett's Estate. Hartford undertook the defense. Western Pacific rejected the tendered defense.

Hartford interposed for Burnett's Estate the affirmative defense that Anderson's Estate's sole remedy was under Oregon's Workmen's Compensation Act pursuant to the rule of *Kowcun v. Bybee*, 182 Or 271, 186 P2d 790 (1947). Burnett's Estate claimed that at the time of the accident both men were employees of Northwest Bowling Supply, Inc.; that they were workmen (within the meaning of Chapter 656 ORS) engaged in the course of their employment; and that Northwest Bowling Supply, Inc., was a contributor to the Workmen's Compensation fund. This issue was segregated and tried separately, and an order was entered denying the defense upon a general finding that Burnett's Estate had failed to sustain the burden of proof.

Hartford then paid Anderson's Estate its policy limits of $10,000 and took a covenant not to execute upon assets of Burnett's Estate. Hartford and Burnett's Estate then abandoned the defense of the action and Western Pacific was so advised, and the defense was again tendered to it. Western Pacific again declined to defend. An uncontested judgment was subsequently entered in favor of Anderson's Estate and against Burnett's Estate in the sum of $25,000.

Hartford and Burnett's Estate then joined together as plaintiffs and brought the present declaratory judgment proceeding. Both asked for a declaration of their rights under the insurance contract of Western Pacific, and Hartford also asked for contribution from Western Pacific of a proportion of the money it had paid upon behalf of Burnett's Estate for damages and the cost of defense. The trial court held that Western Pacific had liability coverage on Burnett at the time of the accident and the duty to defend his estate, and that

Hartford was entitled to contribution from Western Pacific in the sum of $10,963.08.

In the meantime, in the same declaratory judgment proceeding, the other defendant, Anderson's Estate, filed a cross-complaint against its codefendant, Western Pacific, for $15,000, which was the unpaid balance of Anderson's Estate's judgment against Burnett's Estate ($25,000 less $10,000 paid by Hartford). The trial court, in conformance with its adjudication that Western Pacific had coverage of Burnett, entered a judgment in favor of Anderson's Estate against Western Pacific in the sum of $15,000. The trial court's entry of the two judgments and its determination that Western Pacific had coverage on Burnett and the duty to defend his estate are the principal decisions from which Western Pacific prosecutes this appeal.

■ Western Pacific contended before the trial judge in the present case that it had no duty to defend Burnett's Estate in the first case or to pay any part of the judgment rendered against Burnett's Estate in that case for the reason that Western Pacific had no coverage on Burnett at the time of the accident. It claimed Burnett came within the following cross-employee exception to omnibus coverage:

"* * * The insurance with respect to any person or organization other than the named insured does not apply: * * * (c) Under provision (3) of this paragraph, [which provided for omnibus coverage for anyone operating the vehicle with the consent of a named insured] to an employee of an insured with respect to any action brought against said employee because of bodily injury, sickness, disease or death of another employee of the same insured injured in the course of such employment in an occurrence arising out of the maintenance or use of such automobile in the business of such insured."

In order for there to be no omnibus coverage under this provision, the following state of facts had to exist: 1) Burnett was an employee of an insured; 2) Anderson was an employee of the same insured; 3) the injury occurred in the course of their employment for such insured; and 4) the accident arose out of the use of a described automobile. If any one of these four requirements was lacking, there would be coverage.

All other parties to this proceeding claim that Western Pacific cannot raise the cross-employee exception, because it must be asserted as an affirmative defense and Western Pacific had not done so. Western Pacific attempted to plead it as a defense to both plaintiffs' and Anderson's Estate's claims, but demurrers were sustained to it. Western Pacific asserts these rulings as errors. If it is necessary to plead the exception as an affirmative defense, we believe that Western Pacific did so adequately and that the applicability of the exception is an issue in this case. Any other ruling regarding the adequacy of defendant's pleading would be excessively technical.

■ An insurance company's duty to defend and its duty to pay a resulting judgment are not always concurrent. Even though proof upon trial may show a state of facts which do not give rise to coverage, the duty to defend may exist anyway. We will first consider whether Western Pacific had the duty under its policy to defend the original action against Burnett's Estate. Whether an insurer is required to defend depends upon whether it would be possible, under the complaint filed against the person claiming to be an insured, to impose liability for conduct covered by the policy. If it is possible, the insurance company has the duty to defend. *Isenhart v. General Casualty Co.,* 233 Or 49, 54, 377 P2d 26 (1962).

■ Anderson's Estate's complaint against Burnett's Estate contained the following allegations:

"On or about the 9th day of May, 1962, *plaintiff's decedent was the president* and principal owner *of Northwest Trophy, Inc., and Northwest Bowling Supply, Inc.*, both corporations organized and existing under the laws of the state of Washington and *the decedent Francis E. Burnett was an employee of said corporations*. On said date the said Francis E. Burnett was operating a 1962 Pontiac automobile bearing Washington license DDH 417 and the said Harold M. Anderson was riding as a passenger in said automobile. Said automobile was then owned by said Northwest Trophy, Inc., and was being operated with its consent. *Both of said persons were then engaged in the business of said corporations.*" (Emphasis ours.)

The complaint then further alleges the occurrence of the accident as the result of the ordinary negligence of Burnett.

We will presently presume, but not decide, that there would be no coverage of Burnett if all of the alleged facts were true. However, it was not necessary that all of the alleged facts concerning the employment of the two men be proved before Anderson's Estate could make out a case under its pleading of simple negligence. If it were proved that one of the corporations owned the vehicle and permitted its private, non-business use by Anderson who, while so using the vehicle, invited Burnett on a party, during which time Burnett drove the vehicle at Anderson's request, a factual situation would have existed in which Burnett would have been an omnibus insured at the time of the accident, *First National Bank v. Malady*, 242 Or 353, 359, 408 P2d 724 (1966), and the cross-employee exception would not have applied because the men were

not in the course of their employment. Such proof would also have shown conduct which would have entitled the case to go to a jury under the allegations of simple negligence contained in the complaint, even though the allegations concerning the employment of the parties had not been proved. Therefore, it was possible to recover under the complaint for conduct by Burnett which was covered by Western Pacific's policy, and Western Pacific was obligated to defend Burnett's Estate.

■ There is a dispute relative to the manner in which the costs of defense should be divided between Hartford and Western Pacific. The issue is whether, when only one insurer defends, defense costs are to be prorated in accordance with the proportion that each insurer's coverage bears to the total coverage or whether the costs of defense should be treated separately from the rest of the loss and divided equally between the insurers which had the duty to defend. We believe that the costs of defense should be governed by the same rule as the rest of the loss and should be prorated. *See Oregon Auto. Ins. Co. v. United States Fidelity and Guar. Co.*, 195 F2d 958, 960 (9th Cir 1952). The insurer who stands to bear the greater proportion of the loss will be benefited the most by a successful defense.

This brings us to the issue of whether Western Pacific had actual coverage on Burnett at the time of the accident. The basis for the trial court's decision that there was coverage was that the employment status of the two decedents had been established in the first litigation between the estates to be such that the cross-employee exception to omnibus coverage could have no application and that that determination was binding

upon Western Pacific in accordance with the doctrine of res judicata.

■ An insurance company which refuses to defend an action under circumstances where it has a duty to defend is bound by facts determined in the trial of such action which are also conclusive on the issue of coverage under its policy. *Jarvis et ux v. Indemnity Ins. Co.*, 227 Or 508, 363 P2d 740 (1961); *Ferguson v. Birmingham Fire Insurance Company*, 254 Or 496, 460 P2d 342 (1969). This result is brought about by the operation of the principle of collateral estoppel. In the present factual context, the doctrine grants finality only to facts which were actually or necessarily adjudicated in the prior action. Where the cause of action is upon the same claim or demand in the second case as in the first, the judgment concludes the parties and their privies as to every matter which could have been litigated. Where the claim or demand is not the same, the judgment is conclusive only of those matters actually or necessarily litigated. *State of Oregon v. Dewey*, 206 Or 496, 292 P2d 799 (1956). The first case was one for wrongful death. The present one is for the purpose of adjudicating rights under a policy of insurance. It is obvious that the two cases do not concern the same claim or demand.

■ In making the determination whether certain facts were adjudicated in the first case, it is proper, and often necessary, to examine the evidence presented in that case and not merely the judgment order and pleadings. *See State v. George*, 253 Or 458, 455 P2d 609 (1969); *Jarvis et ux v. Indemnity Ins. Co., supra*; *State of Oregon v. Dewey, supra*; 32 CJS *Evidence* § 647b (1964); 50 CJS *Judgments* § 838 (1947).

Two adjudications were made in the first case. The court decided 1) that Anderson's Estate was entitled to recover under the allegations of its complaint against Burnett's Estate, and 2) that Burnett's Estate's affirmative defense that Anderson's Estate's sole remedy was under the Workmen's Compensation Act was not proved.

We have reviewed all of the evidence from the first case which is before us and have concluded that it is impossible to determine what facts were adjudicated by the trial judge *in granting Anderson's Estate its judgment* in the first case. The judgment against Burnett's Estate, pursuant to Anderson's Estate's complaint, could have been granted without respect to whether facts were decided which were determinative of Western Pacific's coverage. The court could have decided that the guest statute did not apply and that Anderson's Estate was entitled to recover on its allegation of simple negligence because either Burnett was operating a vehicle in Anderson's possession at Anderson's request, *Prosch v. Cater*, 252 Or 63, 448 P2d 380 (1968), or they were both engaged in the course of their employment for one or both of the corporations. The court could have decided that it did not have to rule whether both men were in the course of their employment for a common employer because it believed that, in any event, Burnett was operating a vehicle in Anderson's possession for the convenience of Anderson. We have no way of telling what facts the court found in awarding the judgment.

The factual basis upon which the court in the first case *denied the affirmative defense* asserted by Burnett's Estate that Anderson's Estate's sole remedy was under the Compensation Act, is no clearer. In denying

the defense, the trial judge made no specific finding of fact but rather entered a general finding as follows:

"The court does find as a general finding of fact that the defendant failed to sustain her burden of proof on the allegations contained in her second supplemental answer and affirmative defense."

The non-existence of specific findings of fact in the trial judge's order would not be fatal to plaintiffs' attempt to prove a collateral estoppel, if an examination of the pleadings and the evidence in the prior case would disclose that it was necessarily adjudicated that both men were not employees or that, if they were, they were not engaged at the time of the accident in their employment. The defense asserted by Burnett's Estate required proof of the following facts: 1) that at the time of the accident both Anderson and Burnett were workmen; 2) that they were engaged in the course of their employment; and 3) that their employer was covered by Oregon's Workmen's Compensation Act. Presuming but not deciding that the first two facts are identical with those which Western Pacific relies on in invoking the cross-employee exception in its policy, we are unable to determine whether the court in the first case decided either that the two men were not workmen or that they were not engaged in the course of their employment. For all we know, the trial judge in the first case may have found against the defense because the corporations were not covered employers under the Workmen's Compensation Act. We find nothing in the evidence or pleadings in the first case which compelled the trial judge in that case to find that either or both of the corporations were covered employers. We must hold that Western Pacific was not collaterally estopped to assert the defense that the policy afforded Burnett no coverage because of the cross-employee exception.

We have held that the record is conclusive of Western Pacific's duty to defend. However, because there was no determination on the merits by the trial court of the question of coverage, we are remanding the case for such a determination on the record but not for a new trial. We do not intend to prevent the trial judge from now receiving in evidence transcripts of evidence in the first case which were offered in the present case and rejected.

■ Western Pacific also contends that the trial court erred in not sustaining its demurrer to Anderson's Estate's complaint seeking the unpaid balance of its judgment against Burnett's Estate. It contends that one defendant cannot cross complain against a co-defendant.

It is clear that our code of civil procedure does not authorize one codefendant to cross complain against another in an action at law. *See* ORS 16.030,[1] 16.290,[2] and 16.300.[3] However, in equity cases, it has been permitted. *Cottage Grove Lbr. Co. v. Lillegren*, 227 Or 24,

---

[1] ORS 16.030. "The only pleadings on the part of the plaintiff shall be the complaint, the demurrer or the reply; and on the part of the defendant, the demurrer or the answer."

[2] ORS 16.290. "(1) When any of the matters enumerated in ORS 16.260 do not appear upon the face of the complaint, the objection may be taken by answer.

"(2) The answer of the defendant shall contain:

"(a) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; however, nothing can be proved under a general denial that could not be proved under a specific denial of the same allegation or allegations.

"(b) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

[3] ORS 16.300. "(1) The counterclaim mentioned in subsection (2) (b) of ORS 16.290 must be one existing in favor of the defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: * * *."

34, 360 P2d 927 (1961); *Huson v. Portland & Southeastern Ry. Co.*, 107 Or 187, 207, 211 P 897, 213 P 408 (1923); *Knighton v. Chamberlin*, 84 Or 153, 159, 164 P 703 (1917); *Hough v. Porter*, 51 Or 318, 375-76, 95 P 732, 98 P 1083, 102 P 728 (1909). This is in accord with the principle that equitable remedies and procedure will remain flexible and adaptable to the needs of particular cases.

The present action is one for a declaratory judgment and, therefore, is neither legal nor equitable, but *sui generis*. *Consolidated Freightways, Inc. v. Flagg*, 180 Or 442, 457, 176 P2d 239, 177 P2d 422 (1947). In *Flagg*, this court said, quoting from Anderson, *Declaratory Judgments* § 56:

> " 'The only sound position that can be taken with respect to such classification is that it partakes of the properties of both legal actions and suits in equity, and that the court will apply the rules with respect thereto as the nature of the case seems to demand; that at times a declaratory judgment action may properly be classified as legal, carrying with it the attendant right to a jury trial; and that at other times, it may correctly be designated as a suit in equity, warranting the issuance of an injunction, and authorizing the granting of extraordinary relief generally.' " 180 Or 442 at 455.

The above-quoted rule is somewhat difficult to apply to the present situation.

Hartford's alleged right is an action at law against Western Pacific for contribution. *Carolina Casualty v. Oregon Auto.*, 242 Or 407, 417, 408 P2d 198 (1966). *Also see Firemen's Ins. v. St. Paul Fire Ins.*, 243 Or 10, 12, 411 P2d 271 (1966).

Burnett's Estate, in effect, alleges a suit in equity, asking that Western Pacific be required to exonerate

it from the unpaid balance of the judgment. We believe this right still exists even though Anderson's Estate cannot levy execution upon the assets of Burnett's Estate.

Anderson's Estate's cross-complaint against its co-defendant, Western Pacific, is an equitable proceeding in the nature of a creditor's bill under ORS 736.320.⑨ *State Farm Ins. v. Farmers Ins. Exch.*, 238 Or 285, 293, 387 P2d 825, 393 P2d 768 (1964).

Anderson's Estate is not a necessary party to the relief of either plaintiff, but we cannot say it is an improper party, because the unpaid balance of its judgment will be satisfied if Western Pacific's insurance contract is declared by the court to afford Burnett coverage at the time of the accident.

No one has raised any question concerning the propriety of plaintiff's use of declaratory relief.

Because we have a mixed bag of equitable and legal rights and because it would facilitate the disposition of the rights of all the parties and of all the issues arising out of the construction of Western Pacific's policy and its application to the facts, we view the denial of Western Pacific's demurrer to Anderson's Estate's cross-complaint as proper. Actually, the same ultimate result could have been obtained pursuant to Burnett's Estate's request for relief against Western Pacific. We

---

⑨ ORS 736.320. "* * * If any person or his legal representative shall obtain final judgment against the assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of his policy applicable thereto."

The above language is now part of ORS 743.783.

feel that the equitable rights involved are sufficient to give the court the power of devising and shaping the remedies and procedure so as to fit the complex relations of the parties.

The judgments of the trial court are reversed except for that portion of the judgment in favor of Hartford which represents Western Pacific's proportionate share of the cost of the defense of Burnett's Estate. The case is remanded to the trial judge for a determination on the issue of coverage and the entry of appropriate judgments.