**ROSS ISLAND SAND & GRAVEL CO.,** an Oregon corporation, Appellant,

v.

**GENERAL INSURANCE COMPANY OF AMERICA, a Washington corporation, Appellee.**

No. 26339.

United States Court of Appeals, Ninth Circuit.

Jan. 4, 1973.

---

James C. Dezendorf, James H. Clarke, George L. Kirklin, of McColloch, Dezendorf & Spears, Portland, Ore., for appellant.

Fredric A. Yerke, Jr., Curtis W. Cutsforth, King, Miller, Anderson, Nash & Yerke, Portland, Ore., for appellee.

Before BROWNING and GOODWIN, Circuit Judges, and CONTI,* District Judge.

ALFRED T. GOODWIN, Circuit Judge.

A ready-mix-concrete supplier appeals a summary judgment, 315 F.Supp. 402, holding that its liability insurance carrier had no duty to defend a claim by a building contractor who suffered a loss because of a delivery of nonconforming or defective concrete. We affirm.

Ross Island Sand & Gravel Co. supplied ready-mix concrete to Beck-Utah, general contractors, for use in the construction of a high-rise apartment house in Portland, Oregon. Beck-Utah was required by the supervising architects to tear out and repour the fourth floor of the building because of alleged defects in the slab. The construction specifications called for a monolithic pour of slab and underlying beams. The cost of remedying the defective pour included the cost of replacing the beams. The beams were not claimed to have been damaged or defective, but they were united with the defective slab. Beck-Utah sued Ross Island in the United States District Court for the District of Oregon,[1] claiming damages for its enhanced costs. Ross Island tendered the defense to General Insurance. General refused the tender because its insuring engagements did not cover the cost of replacing or repairing any defective goods sold or defective work done by the insured (Ross Island).

Ross Island then brought this action to require General to defend Ross

---

* The Honorable Samuel Conti, United States District Judge for the Northern District of California, sitting by designation.

[1]. The final disposition of that litigation is reported in Henry C. Beck Co. v. Ross Island Sand & Gravel Co., 456 F.2d 316 (9th Cir. 1972).

Island. The district court correctly held that the insurance contract excluded coverage for Beck-Utah's claim. Ross Island here challenges the district court's construction of the insurance contract, but we find no error. Ross Island also urges that, even if the contract was correctly construed, General Insurance was nonetheless bound by Oregon law to defend Beck-Utah's action against Ross Island, apart from its duty to indemnify.

■ Ross Island's reliance on Oregon law is misplaced. Under Oregon's code pleading system, the duty to defend an action in state court ordinarily is measured by the plaintiff's statement of his cause of action in his complaint. Since Oregon's procedural law requires a complaint to state the facts which constitute the cause of action, a relatively simple and businesslike rule calls upon the insurer to study that complaint and then to undertake the defense any time the complaint alleges facts which, if proven at trial, would or could give rise to liability under any theory of law creating a liability covered by the insuring agreement.[2] *See* Burnett v. Western Pacific Ins. Co., 255 Or. 547, 469 P.2d 602 (1970); Ferguson v. Birmingham Fire Ins. Co., 254 Or. 496, 460 P.2d 342 (1969); Blohm v. Glens Falls Ins. Co., 231 Or. 410, 373 P.2d 412 (1962); MacDonald v. United Pacific Ins. Co., 210 Or. 395, 311 P.2d 425 (1957).

■ In federal court, however, a plaintiff need not allege in his complaint all the facts giving rise to his cause of action. Indeed, plaintiffs frequently elect to assert their claims in broad, general terms. The parties then resort to interrogatories, requests for admissions, and the like, to flesh out pretrial orders that will provide the trier of fact a simple statement of the issues of law and fact remaining to be resolved in court. In such a pleading environment, a complaint may or may not provide an insurance carrier with enough information to permit an informed judgment on whether or not he must defend.

When Ross Island sued General, the district court correctly used summary-judgment procedures to penetrate the Beck-Utah pleadings and lay bare the facts bearing upon coverage. Prior to the time Beck-Utah filed its complaint against Ross Island in federal court, Beck-Utah had submitted detailed claims to Ross Island. Ross Island had submitted the claims to General. The record in Ross Island v. General referred to claims, affidavits, and other exhibits produced in the Beck-Utah case which made it clear early in Beck-Utah that General could have no duty to indemnify Ross Island. Accordingly, any duty General might have to defend Ross Island evaporated as soon as Beck-Utah's complaint was supplemented by discovery of the material facts.

■ The district court, therefore, properly put an end to Ross Island's action against General. Summary judgment was the appropriate procedure. The court was not required to avert its eyes from facts properly before it merely because Beck-Utah's complaint, as filed, was cast in broad enough language to have required General to defend in a state court. The simple answer is that the parties were not in state court.

■ The Oregon courts have recognized that their own rule on the duty to defend does not lend itself to the pleading practices in the federal courts. *See* MacDonald v. United Pacific Ins. Co., 210 Or. at 431, 311 P.2d 425. The fundamental difference between state and federal procedure has been noted elsewhere. *See* Milliken v. The Fidelity and Casualty Co., 338 F.2d 35 (10th Cir. 1964).

Affirmed.

2. But where the allegation is sham or frivolous, as where a defendant has already been convicted of a willful assault, the wrongdoer cannot require his insurer to defend by a sham pleading of an accidental injury. *See* Casey v. Northwestern Security Ins. Co., 260 Or. 485, 491 P.2d 208 (1971).