Argued April 2, affirmed May 1, 1975

## OREGON AUTOMOBILE INSURANCE COMPANY, *Respondent, v.* STATE ACCIDENT INSURANCE FUND, *Appellant.*

534 P2d 954

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Thomas K. Thorpe,* Portland, argued the cause for respondent. With him on the brief was Keith R. Swensen, Portland.

DENECKE, J.

The plaintiff, Oregon Automobile Insurance Company, brought this action for contribution from the defendant State Accident Insurance Fund (SAIF) for defense costs incurred in defending Koontz Machine & Welding, Inc., whom they both insured. The trial court prorated the defense costs and gave judgment for Oregon Auto. SAIF appeals.[1]

Oregon Auto had liability insurance covering Koontz. SAIF had Longshoremen's and Harbor Worker's coverage and liability insurance covering Koontz. An employee of Koontz was injured. The employee sued the United States, who, in turn, filed a third-party complaint against Koontz. Koontz tendered the defense to SAIF who rejected upon the ground that it had no coverage. Oregon Auto assumed the defense. Both parties contributed to a settlement of the employee's claim. SAIF is no longer contending that it had no coverage and, therefore, no obligation to defend.

SAIF contends that Oregon Auto signed a document releasing SAIF from any claim of any kind, including defense costs. The document was executed by the injured employee and his wife, SAIF and Koontz, but not expressly by Oregon Auto. It was executed for Koontz by Thomas Cooney. He was the attorney for Oregon Auto and had been selected by

---

[1] The parties do not question that this court rather than the Court of Appeals should hear this case. At this stage of the proceedings we do not desire to raise the issue.

it to be the attorney for Koontz. This was known to SAIF.

SAIF argues that by signing for Koontz, Cooney also released SAIF from any claim by Oregon Auto. We cannot accept that argument. As SAIF admitted, Oregon Auto's claim against SAIF is not derived through Koontz. Oregon Auto has a claim in its own right.

We hold Oregon Auto did not release SAIF.

The parties argue whether our decision in *Lamb-Weston v. Oregon Auto. Ins. Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959), requires that defense costs be prorated.

■ The Lamb-Weston doctrine is not involved in this case. Both "other insurance" clauses are pro rata clauses and not repugnant. Each insurer provided $100,000 coverage. The trial court prorated the defense costs equally.

We held in *Burnett v. Western Pac. Ins. Co.*, 255 Or 547, 555, 469 P2d 602 (1970):

> "There is a dispute relative to the manner in which the costs of defense should be divided between Hartford and Western Pacific. The issue is whether, when only one insurer defends, defense costs are to be prorated in accordance with the proportion that each insurer's coverage bears to the total coverage or whether the costs of defense should be treated separately from the rest of the loss and divided equally between the insurers which had the duty to defend. We believe that the costs of defense should be governed by the same rule as the rest of the loss and should be prorated. *See Oregon Auto. Ins. Co. v. United States Fidelity and Guar. Co.*, 195 F2d 958, 960 (9th Cir 1952). The insurer who stands to bear the greater proportion of the loss will be benefited the most by a successful defense."

Affirmed.