21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward PIETZ; Gloria Pietz, husband and wife; and E.P.
Enterprises, a Delaware corporation, Plaintiffs-Appellants,
v.
FIREMAN'S FUND INSURANCE COMPANIES, a California
corporation; National Casualty Company, a
Michigan corporation, Defendants-Appellees.
 No. 92-36531.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided April 6, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Berry sued Edward and Gloria Pietz and E.P. Enterprises ("the Pietzes") for claims arising out of a failed business relationship between them. The Pietzes then sued Fireman's Fund Insurance Companies and National Casualty Company ("the insurers") for indemnity and defense costs. The district court concluded that, as a matter of law, the insurers owed no duty to defend nor indemnify because Berry's injuries did not arise out of an "occurrence." The district court granted the insurers' motion for summary judgment, and the Pietzes appeal.
 
 
 4
 A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (1993).
 
 
 5
 An insurer's duty to defend is determined by comparing the terms of the policy with the allegations of the underlying complaint. Viking Ins. Co. v. Perotti, 784 P.2d 1081, 1083 n. 4 (Or.1989) (citing Ferguson v. Birmingham Fire Ins., 460 P.2d 342 (Or.1969); Isenhart v. General Cas. Co., 377 P.2d 26 (Or.1962)). Pursuant to Oregon law, an insurer's duty to defend "ordinarily is measured by the plaintiff's statement of his cause of action in his complaint." Ross Island Sand & Gravel Co. v. General Ins. Co. of America, 472 F.2d 750, 752 (9th Cir.1973). "In federal court, however, a plaintiff need not allege in his complaint all the facts giving rise to his cause of action." Id. Therefore, a federal court applying Oregon law may consider material facts outside the complaint to determine whether the insurer owes a duty to defend. See id.
 
 
 6
 Under both insurance policies, the insurers owe the Pietzes a duty to defend and indemnify if Berry's injury was "caused by an occurrence." Both policies define "occurrence" as "an accident" or "event." In Kisle v. St. Paul Fire & Marine Ins. Co., 495 P.2d 1198 (Or.1972), the Oregon Supreme Court discussed the meaning of the term "accident" as used in liability policies. The court distinguished between negligent performance of a contract and failure to perform a contract, and held that "damage caused by [complete failure to timely perform] is not caused by accident." Id. at 1200. Thus, if Berry's emotional distress was caused by Pietz' failure to perform a contract, Berry's injury was not caused by an occurrence. This is the inevitable hurdle over which appellants stumble.
 
 
 7
 Berry's complaint alleged four causes of action: 1) breach of contract; 2) misrepresentation; 3) intentional and tortious breach of the covenant of good faith and fair dealing; and 4) negligence. Appellants argue the insurers had a duty to defend and indemnify on the basis of Berry's fourth claim for relief. See Nielsen v. St. Paul Cos., 583 P.2d 545, 547 (Or.1978) ("The insurer owes a duty to defend if the claimant can recover against the insured under the allegations of the complaint upon any basis for which the insurer affords coverage.").
 
 
 8
 Berry's fourth claim alleges: "That Defendants and their actual and/or apparent agents, negligently and carelessly failed to adequately investigate the accuracy of the representations Defendants made to Plaintiff, as hereinabove alleged; and, negligently and carelessly failed to adequately inform Plaintiff." (p 39). It also alleges that "according to the express and implied terms of the agreements and relationship between Defendants and Plaintiff, each owed a duty to exercise ordinary care in the conduct of their mutual affairs." (p 38).
 
 
 9
 Berry's fourth claim appears to be a negligent misrepresentation claim.[1] Under Oregon law, "[c]overage does not turn on the legal theory under which liability is asserted, but on the cause of the injury." Farmers Ins. Group v. Nelsen, 715 P.2d 492, 494 (Or.App.1986). Thus, whether the insurers owe a duty to defend or indemnify depends on the cause of Berry's injury.
 
 
 10
 Appellants acknowledge that if Berry's claim relied solely on representations made by Pietz, appellants would lose because Pietz' conduct would have been intentional. See Cunningham & Walsh v. Atlantic Mutual Ins. Co., 744 P.2d 1317, 1319-20 (Or.App.1987) (holding that "deceit, by its nature, is an act from which an intention to cause harm must necessarily be inferred," and therefore is not an occurrence). In order to avoid this conclusion, appellants argue that Berry's injury was caused by Pietz' failure "to adequately investigate the representations" made by Pietz' agent and by Pietz' failure to inform Berry of the truth. See McLeod v. Tecorp Int'l, Ltd., 844 P.2d 925, 927 n. 3 (Or.App.1992) ("[I]n insurance coverage cases, it is the insured's actual conduct, not the imputed conduct of another, that determines coverage."), modified, 850 P.2d 1163 (Or.App.), reversed on other grounds, --- P.2d ----, 318 Or. 208 (1993). Appellants classify Pietz' conduct as a "failure to control" in order to suggest that Berry's injury was caused by unintentional conduct. The problem with this argument is that appellants cannot escape the conclusion that Berry's injury was caused by Pietz' failure to perform a contract. The nature of the alleged misrepresentations compels this conclusion.
 
 
 11
 Berry's complaint alleges that Pietz' agent made the following representations: "Defendants intended to perform their agreement" (p 18); "Plaintiff was assured that all Defendants would perform their legal and contractual obligations," (p 19); and "Defendants reaffirmed their intention of performing their contract," (p 20). Berry relied on these representations and was injured when Pietz did not act in accordance with the representations: when Pietz failed to timely perform the contract. If Pietz had performed the contract, the representations would not have been misrepresentations, and Berry would not have been injured. Indeed, assuming the statements were misrepresentations (because Pietz did not intend to perform at the time the statements were made) Berry would have suffered no injury flowing from the reckless or negligent misrepresentations concerning Pietz' intent to perform, if Pietz had in fact performed the contract. The only way Berry could have suffered emotional distress was for Berry to rely on Pietz' promise to perform and for Pietz not to perform. Thus, the cause of Berry's injury was Pietz' intentional failure to perform a contractual obligation.
 
 
 12
 Appellants argue the existence of a contract is not essential to the fourth claim for relief: that a jury could have found that no contract was formed and that Pietz nevertheless was liable for failing to control his agent. However, if no contract were formed, the agent's representations that Pietz would perform would have been meaningless, and Berry would have had no reason to rely on the representations. Further, the parties would not have been in a "special relationship" out of which the duty not to misinform arose. See Elizabeth E. v. ADT Security Syst. West, 839 P.2d 1308, 1311 (Nev.1992). Regardless of appellants' attempt to convert a breach of contract into an "accident," they cannot escape the conclusion that Pietz' failure to perform was the sole cause of Berry's injury.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Nevada law recognizes that a party may sue for negligent misrepresentation where a special relationship between the parties creates a duty not to misinform. See Elizabeth E. v. ADT Security Syst. West, 839 P.2d 1308, 1311 (Nev.1992)