46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GENERALI-U.S. BRANCH, a New York corporation, Plaintiff-Appellant,
v.
BANK OF MONTREAL, Defendant-Appellee.
BANK OF MONTREAL, a nationally chartered bank of Canada,
Counterclaim-Plaintiff-Appellee,
v.
GENERALI-U.S. BRANCH, a New York corporation, and
Counterclaim-Defendant-Appellant,
and
Guardian Insurance Company of Canada, a foreign corporation,
Counterclaim-Defendant-Appellee.
GENERALI-U.S. BRANCH, a New York corporation,
Crossclaim-Plaintiff-Appellant,
v.
GUARDIAN INSURANCE COMPANY OF CANADA and Concordia Insurance
Corporation, Crossclaim-Defendants-Appellees.
 No. 92-36689.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.
Decided Jan. 18, 1995.
 
 Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Generali/U.S. Branch ("Generali") filed the instant action in federal district court, arguing that it had no duty to defend or indemnify its insured, the Bank of Montreal ("Bank"), and that it was entitled to at least partial reimbursement by Guardian Insurance Company of Canada ("Guardian"). Generali now appeals from the district court's rulings in favor of Bank and Guardian, arguing that the court erred by holding that the so-called "known risk/known loss" defense was unavailable under Oregon law, that Generali's notice of cancellation was ineffective, and that Generali was not entitled to recover a share of its defense costs from Guardian. We affirm.
 
 
 3
 * In City of Johnstown, N.Y. v. Bankers Standard Ins. Co., 877 F.2d 1146 (2d Cir.1989), the Court of Appeals for the Second Circuit held that, absent a showing that the insured fraudulently misrepresented or concealed a material fact, knowledge on the part of the insured of a risk of loss would not render the policy void because there was no proof that New York law recognized the known risk/known loss defense. 877 F.2d at 1152-53. In Outboard Marine Corp. v. Liberty Mut. Ins. Co., 154 Ill.2d 90, 607 N.E.2d 1204 (1992), the Supreme Court of Illinois held that, "If the insured knows or has reason to know, when it purchases a ... policy, that there is a substantial probability that it will suffer or has already suffered a loss, the risk ceases to be contingent and becomes a probable or known loss." 154 Ill.2d at 103, 607 N.E.2d at 1210.
 
 
 4
 Viewing City of Johnstown and Outboard Marine as terminal points on a known risk/known loss spectrum, the case of Commercial Bankers Life Ins. Co. v. Kirk, 66 Or.App. 359, 675 P.2d 1069 (1984) falls somewhere in between. In Kirk, a man took out a life insurance policy, knowing at the time that he was terminally ill. The insurer later sought to avoid coverage on the ground that the insured had knowledge relevant to the coverage at the time he took out the policy, yet unfairly concealed this information from the insurer.
 
 
 5
 The Oregon Court of Appeals rejected the insurer's assertion of this known risk/known loss defense (although not expressly identified as such in the opinion) on two grounds: First, because the insurer was prohibited by Oregon law from asking questions about the health of the individual members of the applicant pool to which the insured belonged in exchange for being allowed to charge a higher premium to the insured, the latter's foreknowledge of the likelihood of impending death was not material to the coverage; and second, the mere fact that the contingency (terminal illness) which gave rise to the risk insured against (death) had already occurred did not void the policy, because the risk insured against had not occurred at the time the policy was issued. 66 Or.App. at 362-64, 675 P.2d at 1071-72.
 
 
 6
 While there is no Oregon authority explicitly recognizing or rejecting the known risk/known loss defense, we conclude that the Oregon courts would find the reasoning of City of Johnstown to be more persuasive than that of Outboard Marine and closer to the spirit of Kirk. Accordingly, we hold that the district court did not err by ruling in favor of Bank on this issue.
 
 II
 
 7
 Generali's notice of cancellation stated simply, "You are hereby notified in accordance with the terms and conditions of the above mentioned policy that your insurance will cease at and from the hour and date mentioned above." This notice complied with neither the policy terms, which expressly require "written notice of cancellation, stating the reason for cancellation[,]" nor the dictates of Oregon law. See Or.Rev.Stat. Sec. 742.702(2) (notice of cancellation "shall state ... the reason for cancellation and shall inform the insured of the hearing rights established by ORS 742.704."). Generali argues, however, that the parties agreed to cancel the policy or, in the alternative, that Bank's conduct amounted to a waiver of its right to receive the required notice.[1]
 
 
 8
 The various affidavits and depositions cited to and relied on by Generali show that Bank and its local broker, not Generali, discussed the possibility of replacement insurance; that Bank may have believed that its master policy, issued by Guardian, would cover any resultant losses; and that Bank acknowledged receipt of one of the returned premium checks from Generali. Viewed in the light most favorable to Generali, this evidence shows a degree of ambiguity in Bank's actions, but neither an agreement to cancel the policy nor a clear and unequivocal manifestation of any intent on Bank's part to relinquish its right to proper notice of cancellation. The district court did not err by granting Bank's motion for partial summary judgment on this issue.
 
 III
 
 9
 Generali argues that Guardian is a co-insurer and therefore obligated to reimburse Generali for half of the costs incurred and damages awarded in the underlying litigation. Guardian contends that Generali was the primary insurer and therefore obligated to pay all costs and damages up to the limits of its policy's coverage, and that the jury's finding of fraudulent nondisclosure on the part of Bank voided Guardian's policy, anyway.
 
 
 10
 It is well settled that "[t]he duty to indemnify is not necessarily coextensive with the duty to defend." Standard Fire Ins. Co. v. Peoples Church of Fresno, 985 F.2d 446, 450 (9th Cir.1993). Thus, a court must look "to the factual allegations in the complaint and to other facts known to the insurer to determine whether a potential for coverage exists, and thereby a duty to defend." Id. (construing California law). Accord Baugh Constr. Co. v. Mission Ins. Co., 836 F.2d 1164, 1168 (9th Cir.1988) (construing Washington law); Ross Island Sand & Gravel Co. v. General Ins. Co. of America, 472 F.2d 750, 752 (9th Cir.1973) (construing Oregon law). Canadian law appears to follow this general rule. See e.g. Broadhurst & Ball v. American Home Assurance Co., 1 O.R.3d 225, 76 D.L.R.4th 80, 85-86 (1990).
 
 
 11
 We conclude that the district court did not err by ruling as it did. Regardless of whether or not the jury's finding of material nondisclosure on the part of Bank relieved Guardian of any obligation it may have had to share Generali's costs under either Oregon or Canadian law, it is clear that Generali was the primary insurer and Guardian was the excess insurer. Because the amount paid did not exceed Generali's policy limits, Generali was not entitled to recover from Guardian.
 
 
 12
 Because we find no merit to any of the remaining arguments, the decision appealed from is
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bank contends that Generali waived its right to assert both the "mutual agreement" argument and the waiver argument (sometimes characterized by the parties as an estoppel argument) by failing to present them first to the district court. While Generali may not have expressly identified its arguments as mutual agreement and waiver (or estoppel), the district court clearly interpreted them as such. Accordingly, the issues are properly before us