106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ISSPRO INC.; Dennis Maze, Plaintiffs-Appellants,
v.
GLOBE INDEMNITY COMPANY, Defendant-Appellee.
 No. 95-36077.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1997.
Decided Jan. 17, 1997.
 
 Before: ALDISERT,* PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Isspro Inc. and Dennis Maze brought this action against Globe alleging that Globe breached two insurance contracts which it had issued to appellants. Appellants allege that Globe refused to defend them in one underlying civil action: The Rodgers case. Appellants also contend that Globe refused to defend and indemnify them in another underlying civil action: the Montague case. The parties bifurcated the Rodgers and Montague claims for adjudication on summary judgment. The district court granted summary judgment in favor of Globe on both the Rodgers and Montague claims. Appellants now appeal the district court's decision with respect to both claims. Because the parties are familiar with the facts, we need not recite them here.
 
 THE RODGERS ACTION
 
 3
 "An insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for conduct covered by the policy." Ledford v. Gutoski, 319 Or. 397, 399-400, 877 P.2d 80, 82 (Or.1994). "The insurer has a duty to defend if the complaint provides any basis for which the insurer provides coverage." Id. at 400, 877 P.2d at 83. "Whether the insurer is required to defend an action brought against its insured depends upon whether it is possible under the complaint to impose liability for conduct or damage covered by the policy." Paxton-Mitchell Co. v. Royal Indem. Co., 279 Or. 607, 610-11, 569 P.2d 581, 583-84 (Or.1977).
 
 
 4
 The insurance policy in this case applies to "bodily injury"[1] and "property damage"[2] only if the bodily injury or property damage is caused by an "occurrence"[3] that takes place during the policy period. Here, the complaint did not allege bodily injuries or tangible property damage covered by the policy and did not put Globe on notice of the possibility of liability being imposed upon appellants for conduct covered by the policy. Thus, Globe had no duty to defend. Cf. Ferguson v. Birmingham Fire Ins. Co., 254 Or. 496, 507, 460 P.2d 342, 347 (Or.1969) (duty to defend arises if complaint, without amendment, puts insurer on notice of possibility of liability).
 
 
 5
 The complaint alleged only economic loss for which no coverage existed under the policy. The complaint essentially focused on two types of economic losses: (1) the cost of replacing defective thumb pistons; and (2) the cost to engrave and rework replacement thumb pistons.
 
 
 6
 Appellants' reliance upon three Oregon Supreme Court cases is unavailing. In Paxton-Mitchell, the Oregon Supreme Court found the allegations in the underlying complaint "unclear" and noted that "it is possible" that the complaint "did not allege damage that was necessarily excluded by the policy." Paxton-Mitchell, 279 Or. at 613, 569 P.2d at 585. Here, the complaint's allegations are clear and unambiguous because they relate solely to economic loss and not to bodily injury or property damage.
 
 
 7
 In Burnett v. Western Pac. Ins. Co., 255 Or. 547, 469 P.2d 602 (Or.1970), the underlying complaint alleged that there was an automobile accident involving the insured's employee during the course of business--conduct specifically excluded by the policy. Id. at 550, 469 P.2d at 604. Nevertheless, the Oregon Supreme Court concluded that if the facts showed that the incident did not occur during the course of employment, coverage would exist under the policy. Id. at 554-55, 469 P.2d at 605-606. Thus, the Burnett court determined that if some of the allegations proved to be false, coverage might exist. In contrast, the underlying complaint in this action does not allege bodily injury or property damage. Even if the allegations relating to economic loss proved false, the policy would still not provide coverage for appellants' claim.
 
 
 8
 Finally, appellants' reliance on Wyoming Sawmills, Inc. v. Transportation Ins. Co., 282 Or. 401, 578 P.2d 1253 (Or.1978), is inapposite. In Wyoming Sawmills, the court considered the parties' stipulation and various exhibits in determining whether the insurer owed a duty to defend. In this case, the parties present no similar evidence, and we must only consider the policy and the complaint. Ledford, 319 Or. at 399, 877 P.2d at 82 ("In evaluating whether an insurer has a duty to defend, the court looks only at the facts alleged in the complaint....").
 
 
 9
 Under a fair and reasonable interpretation of the complaint's allegations, no liability exists under the policy. Blohm v. Glens Falls Ins. Co., 231 Or. 410, 417, 373 P.2d 412, 415 (Or.1962). For these reasons, Globe had no duty to defend the Rodgers action and the district court properly granted Globe's summary judgment motion.
 
 THE MONTAGUE ACTION
 
 10
 Appellants assert that the district court erred in deeming Globe's answer amended absent a formal written motion. The district court did not err in failing to require a written motion to amend. "Nothing in Rule 15 [of the Federal Rules of Civil Procedure] precludes an oral motion [to amend a pleading.]" Hon. William W. Schwarzer, Hon. A. Wallace Tashima, and Hon. James M. Wagstaffe, Federal Civil Procedure Before Trial, p 8:410 (The Rutter Group 1996); see also Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1444-45 n. 2 (9th Cir.1990) (noting that failure to "tender a formal amendment ... did not preclude the district court from granting leave to amend"). Although Globe offered to file a written motion to amend, the district court stated: "It would be pointless to require that [Globe] formally move to amend the answer. I deem the limitations defense to be included in [Globe's] answer and allow [Globe] to assert it as a ground for summary judgment."
 
 
 11
 Appellants also contend that the district court erred in granting Globe's motion to amend its answer to assert an affirmative defense. However, the amendment only allowed Globe to assert a time-limitation defense which existed when the action commenced. Appellants are not now entitled to a better result. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir.1979) (finding no prejudice in allowing amendment to assert a statute of limitations defense "because the limitations rule, if applicable would be effective at the outset of [appellants'] suit").
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."
 
 
 [2]
 The policy defines "property damage" as:
 a. Physical injury to tangible property, including all resulting loss of use of that property.... or
 b. Loss of use of tangible property that is not physically injured....
 
 
 [3]
 The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."