DECISION AND JUDGMENT ENTRY
{¶ 1} The Highland County Court of Common Pleas entered summary judgment in favor of Sandy Beaver Valley Farmers Mutual Insurance Company ("Sandy") on Charles and Gladys Bocook's claim that their insurance policy with Sandy requires Sandy to cover their loss from the fire that destroyed their home. The Bocooks appeal, asserting that the trial court erred in granting summary judgment without first determining that the fact of insurance coverage could be related in some substantial way to the commission of wrongful acts. Such a relation is relevant only to questions of whether public policy bars insurance companies from selling coverage for losses resulting from intentional torts, not to questions of whether a particular insurance contract provides coverage for losses resulting from intentional torts. Because the insurance policy in this case unambiguously excludes coverage for losses resulting from intentional torts committed by an insured, and because the parties do not dispute that the Bocooks' adopted children intentionally set fire to their home, no genuine issue of material fact exists and Sandy is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The parties do not dispute any of the following facts relevant to this case. The Bocooks purchased a policy from Sandy insuring their Mt. Orab home against fire and related losses. The policy defines "insured" as "you and residents of your household who are: a. your
relatives; or b. other persons under the age of 21 and under the care of any person named above." (Emphasis in original.) The policy provides that it excludes from coverage "Intentional Loss, meaning any loss arising out of any act committed: (1) by or at the direction of an insured; and (2) with the intent to cause a loss." (Emphasis in original.)
 {¶ 3} On July 18, 2000, the Bocooks' adopted children, who were minors living in the Bocooks' home under the Bocooks' care, set fire to their home. The children doused the inside of the home with gasoline and ignited the fire while the Bocooks were asleep. Prior to setting the fire, the children disconnected the phone and disabled the smoke alarm. The children set the fire in an effort to kill the Bocooks so they could be returned to the custody of their biological mother. The fire destroyed the home and nearly killed the Bocooks.
 {¶ 4} The Bocooks filed a claim for their loss with Sandy. Sandy denied their claim for coverage, stating that coverage is excluded under the policy because the Bocooks' children intentionally set the fire. The Bocooks appeal, asserting the following assignment of error: "The trial court erred in granting appellee's motion for summary judgment without first determining that the fact of insurance coverage could be related in some substantial way to the commission of the wrongful acts."
 II. {¶ 5} In their only assignment of error, the Bocooks assert that the trial court erred in granting summary judgment to Sandy without first determining whether the fact that they owned an insurance policy could be related in some meaningful way to their children's decision to set fire to their home. The Bocooks point to evidence that their children did not set fire to the home in order to collect insurance proceeds. Sandy contends that the children's purpose in setting the fire is irrelevant, because the clear and unambiguous language of the policy excludes coverage for loss resulting from the intentional acts of the insureds.
 {¶ 6} Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
 {¶ 7} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 8} In this case, the parties agree that no genuine issue of material fact exists, but disagree about the trial court's application of the law to the facts.
 {¶ 9} The Bocooks assert that the Ohio Supreme Court's decision inDoe v. Shaffer (2000), 90 Ohio St.3d 388 applies to this case. In Doe,
the court held that public policy does not prohibit liability for intentional torts, but rather prohibits insurance "only for those intentional torts where `the fact of insurance coverage can be related in some substantial way to the commission of wrongful acts of that character. * * *' Isenhart v. General Cas. Co. (1962), 233 Or. 49, 52-53,377 P.2d 26, 28." Doe at 391, quoting Harasyn v. Normandy Metals,Inc. (1990), 49 Ohio St.3d 173, 176.
 {¶ 10} Sandy asserts that, while public policy may not prohibit
insurance companies from offering coverage for intentional torts in situations such as the Bocooks', Sandy did not offer such coverage to the Bocooks and the Bocooks did not purchase such coverage from Sandy.
 {¶ 11} Under Ohio law, "if a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." Davis v. Loopco (1993), 66 Ohio St.3d 64, 66, quotingInland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio (1984),15 Ohio St.3d 321, 322. With regard to insurance contracts in particular, "[w]hen the language of an insurance policy has a plain and ordinary meaning, it is unnecessary and impermissible for this court to resort to construction of that language." Karabin v. State Auto. Mut.Ins. Co. (1984), 10 Ohio St.3d 163, 166-167. When a homeowners' policy contains language excluding coverage for losses intentionally created by insureds, that policy will operate to exclude coverage for all insureds, even if one insured acts alone in setting fire to their home. Taft v.West American Insurance (Mar. 5, 1999), Trumbull App. No. 98-T-0015.
 {¶ 12} In this case, the language of the Bocooks' policy with Sandy is clear and unambiguous. The policy excludes coverage for losses caused by the intentional acts of an insured. The Bocooks' children were insureds under the policy when they set the fire. Therefore, although the Bocooks may be sympathetic plaintiffs, their loss simply is not covered under their insurance contract. Thus, the trial court correctly declined to reach the issue of whether public policy would prevent coverage for the loss in this case.
 {¶ 13} We find that no genuine issues of material fact exist and that Sandy is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Evans, J.: Concur in Judgment and Opinion.